## MERCHANTS EXCHANGE OF ST. LOUIS *v.* STATE OF MISSOURI AT THE RELATION OF BARKER, ATTORNEY GENERAL.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 116.   Argued December 19, 1918.—Decided January 7, 1919.

A state law forbade, under penalties, any person, corporation, or association, other than a duly authorized and bonded state weigher, to issue any weight certificate for grain weighed at any warehouse or elevator where state weighers were stationed, or to charge for such weighing or certificates. *Held:* (1) consistent with the due process and equal protection clauses of the Fourteenth Amendment as applied to a local corporation, having the usual powers of a board of trade, which weighed grain and issued weight certificates, for a charge, at the request of its members; (2) not a burden on interstate commerce as applied to grain received from or shipped to points without the State; (3) not superseded by or in conflict with the Federal Grain Standards Act (August 11, 1916, c. 313, 39 Stat. 482, Part B). Pp. 367–369.

269 Missouri, 346, affirmed.

THE case is stated in the opinion.

*Mr. Percy Werner,* with whom *Mr. Everett W. Pattison* was on the briefs, for plaintiff in error.

*Mr. John T. Gose,* Assistant Attorney General of the State of Missouri, with whom *Mr. Frank W. McAllister,* Attorney General of the State of Missouri, was on the brief, for defendant in error.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

A statute of Missouri relating to the inspection and weighing of grain, approved March 20, 1913 (Laws, Missouri, 1913, pp. 354–373), and amended March 23, 1915 (Laws, Missouri, 1915, p. 302), declares that in cities of more than 75,000 inhabitants all buildings used for the storage or transferring of grain of different owners, for a compensation, shall be deemed public warehouses; and, by § 63 (p. 372) thereof, prohibits under severe penalties "any person, corporation or association other than a duly authorized and bonded state weigher to issue any weight certificate . · . . [for any] grain weighed at any warehouse or elevator in this state where duly appointed and qualified state weighers are stationed . . . , or to make any charge for such weighing, . . . or weight certificates. . . ."

In June, 1915, an original proceeding in the nature of *quo warranto* was brought under this statute at the relation of the Attorney General in the Supreme Court of the State against the Merchants Exchange, a Missouri corporation with the usual powers of a board of trade. See *House* v. *Mayes,* 219 U. S. 270; *Board of Trade* v. *Christie Grain & Stock Co.,* 198 U. S. 236. The information stated that St. Louis is a city of more than 75,000 inhabitants; that

public weighers of grain are maintained there at all public warehouses and elevators in compliance with the act; and that the respondent in violation thereof and in abuse of its corporate franchise maintains a bureau for weighing grain, grants weight certificates, and makes charges therefor. The prayer is that respondent be adjudged guilty of these practices and that a fine be imposed. The return admitted substantially the facts stated in the information but alleged that the services were rendered only at the request of members; that the weighing by its bureau in addition to that of the public weighers added to the general security, thus benefiting farmer, dealer, and consumer; that similar weighing bureaus were maintained by the boards of trade at competing grain markets; and that the statute, in prohibiting the practice, deprived its members of liberty and property and of equal protection of the laws in violation of the Fourteenth Amendment. The return also set forth that the grain weighed by its bureau was in large part shipped into or out of the State; that it is commercially necessary as a part of interstate transit to pass grain through an elevator where it is weighed, and the issue of certificates of weight is essential; and that the provisions of the Missouri act therefore violated the commerce clause of the Federal Constitution. Upon a demurrer to the return, the full court found the respondent guilty and ordered that it be ousted of the usurped power of weighing grain received into or discharged from public warehouses and elevators and of making charges therefor, and of issuing weight certificates and making charges therefor; and that the respondent pay costs. 269 Missouri, 346. The case comes here on writ of error.

*First.* Section 63 of the act does not violate the Fourteenth Amendment. As the state court has pointed out, the statute does not prohibit owners of grain from weighing it before it is sent to a public warehouse or after it is removed therefrom. But the issue of a private weigher's

certificate in addition to the certificate of the public weigher might lead to embarrassment or confusion or prove a means of deception. The regulation of weights and measures with a view to preventing fraud and facilitating commercial transactions is an exercise of the police power. To require that goods received in or discharged from public warehouses shall be weighed by public weighers and that no one else shall issue certificates of or make charges for weighing under those circumstances is not an unreasonable or arbitrary exercise of the discretion vested in the legislature. Compare *House* v. *Mayes, supra;* *Brodnax* v. *Missouri,* 219 U. S. 285. Nor can we say that to limit the application of the provision to grain and hay is an arbitrary discrimination against dealers in those articles. The fact that respondent is a corporation does not lessen the scope of the State's police power. We have no occasion to consider whether it is thereby enlarged.

*Second.* Section 63 does not violate the commerce clause of the Constitution. The contention that it does was rested below solely on the ground that the prohibition, as applied to grain received from or shipped to points without the State, burdens interstate commerce. It clearly does not. *Pittsburg & Southern Coal Co.* v. *Louisiana,* 156 U. S. 590; *W. W. Cargi.. Co.* v. *Minnesota,* 180 U. S. 452. But the additional contention is made here that all state regulation of the weighing of grain was superseded by the United States Grain Standards Act, approved August 11, 1916 (39 Stat. 482). That act (which is Part B of chapter 313) relates exclusively to the establishment by the Secretary of Agriculture of standards of quality and condition. It does not in any way refer to the weighing of grain. And Part B of chapter 313, by § 7 (p. 484), like Part C, the United States Warehouse Act (which does contain some reference to weighing), by § 29 (p. 490), makes manifest the purpose of Congress *not* to supersede

state laws for the inspection and weighing of grain, but to coöperate with state officials charged with the enforcement of such state laws. The Missouri act is not superseded by or in conflict with the federal legislation.

The judgment of the Supreme Court of Missouri is therefore

*Affirmed.*