In the Matter of the Application of MODERN INDUSTRIAL BANK, Petitioner, against MARK GRAVES and Others, as and Constituting the State Tax Commission of the State of New York, Respondents, to Review a Determination Made under Article 9-A of the Tax Law.

Third Department, July 2, 1940.

*Livingston & Livingston* [*Sylvia Livingston* of counsel], for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Wendell P. Brown* and *John C. Crary, Jr., Assistant Attorneys-General,* of counsel], for the respondents.

FOSTER, J. This is a proceeding to review a determination of the State Tax Commission which held petitioner subject to the tax imposed by article 9-A of the Tax Law. Petitioner claims that because of certain changes in their statutory powers industrial banks have become a new class of corporations doing a banking business within the application of article 9-B of the Tax Law, and taxable only on the same basis as commercial banks under that article.

Petitioner was incorporated in 1924 as an investment company under article 7 of the Banking Law then in force, and has continued to engage in the industrial loan business ever since. It has paid taxes since its inception, up to and including the tax year of 1936, under article 9-A of the Tax Law (originally enacted by Laws of 1917, chap. 726), which provides for a franchise tax on corporations based on net income. By chapter 286 of the Laws of 1926, article 9-B was added to the Tax Law, and imposed a tax on banks and companies doing a banking business. However, before it became effective this article was amended by chapter 477 of the Laws of 1927, and a saving clause was attached which provides that " Notwithstanding the provisions of this article, all corporations of classes now or heretofore taxable under article nine-a of this chapter shall continue to be taxable under article nine-a."

It is thus apparent that the Legislature did not intend to tax investment companies under this article but to continue the taxation of such companies under article 9-A. There were amendments to the Banking Law in 1931 (chaps. 490 and 494), but these amendments dealt with the separation of investment companies which engage in the industrial loan business (Morris Plan) and those which do not. This separation did not affect the principle of taxation, and there has been no change in the Tax Law to

indicate any intent on the part of the Legislature to alter the application of article 9-A to all classes of corporate business previously taxable thereunder.

The intent of the Legislature to differentiate industrial banks from commercial banks may also be found in section 312 of the Banking Law, which provides in part that an industrial bank " may become a bank with all the powers and subject to all the obligations and duties of banks " by filing a new organization certificate and complying with certain other conditions.

Moreover, there are important differences between the two classifications. Banks in the complete sense of the term possess all the powers of banking business, such as the power to discount and negotiate promissory notes, drafts, bills of exchange and other evidences of debt; to receive deposits of money and commercial paper; to loan money on real or personal security, and to buy and sell gold and silver bullion, foreign coins or bills of exchange. (*Meserole Securities Co.* v. *Cosman,* 253 N. Y. 130.) Industrial banks possess some but not all of these powers. The power to discount generally is not given to them, nor do they possess the power to buy and sell coin, bullion and exchange. On the other hand, they are authorized to make industrial loans, so called, where the interest rate is considerably in excess of six per cent. Commercial banks do not possess this power in full, or of right, but may only operate a personal loan department upon authorization of the Superintendent of Banks, and loans thereunder are limited to $3,500, while industrial banks may make Morris Plan loans up to $5,000. (Banking Law, §§ 108 and 294.) These variances are sufficient to support different classifications, and further to indicate that industrial banks do not possess full banking powers. The Legislature had the power to select and classify them as to taxation, so long as all in the same class are treated alike, without infringing upon any constitutional right guaranteed by either the State or Federal Constitution. (*People ex rel. Hatch* v. *Reardon,* 184 N. Y. 431.)

The determination of the Tax Commission should be confirmed, without costs.

Hill, P. J., Crapser, Bliss and Heffernan, JJ., concur.

Determination of the Tax Commission confirmed, without costs.