THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. FRANKLIN NATIONAL BANK OF FRANKLIN SQUARE, Respondent.— Action by the People of the State of New York against a national bank for a permanent injunction, restraining defendant from violating subdivision 1 of section 258 of the Banking Law. Plaintiff appeals from a judgment dismissing the complaint on the merits after trial. Judgment reversed on the law and the facts, with costs, and judgment directed for the plaintiff, with costs, restraining defendant, its officers, agents, servants and employees from advertising or otherwise using the word " saving " or " savings " in relation to its banking or financial business in its dealings with the public, and from in any way soliciting or receiving deposits as a savings bank. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. Respondent admitted deliberate violation of the statute, and failed to establish its defense of unconstitutionality. Savings banks have developed in this State as a distinctive type of mutual institution, since their beginning, with special benefits and safeguards. (*Mercantile Bank* v. *New York*, 121 U. S. 138.) For almost a century only such banks have been allowed by State law to put forth a sign as a savings bank. (L. 1858, ch. 132.) For almost half a century the only banks permitted to use the word " savings " in the State of New York have been the mutual savings banks. (L. 1905, ch. 564.) Thus there was basis for a legislative finding that in the course of time the word " saving " or " savings " had become so associated with the idea of " savings bank " that, if used by another kind of bank, some people were apt to be misled into thinking it to be a mutual savings bank. (*Herring, etc., Safe Co.* v. *Hall's Safe Co.*, 208 U. S. 554, 559; 9 L. R. A. 148, *Elgin Nat. Watch Co.* v. *Illinois Watch Co.*, 179 U. S. 665; 150 A. L. R. 1095, 1134–1135, and cases cited in annotation.) In addition, there is a presumption that there was sufficient basis for the Legislature to act (11 Am. Jur., Constitutional Law, § 132), which respondent failed to meet and overcome by competent proof. The police power of the State is not limited to the preservation of public health and safety, but extends to the prevention of fraud, deceit and imposition. (*Merchants Exchange* v. *Missouri*, 248 U. S. 365; *Hall* v. *Geiger-Jones Co.*, 242 U. S. 539.) Such power may be exercised to protect not only the intelligent and prudent, but also the ignorant and rash, from being imposed upon. (*Dillingham* v. *McLaughlin*, 264 U. S. 370, 374; *Dent* v. *West Virginia*, 129 U. S. 114, 122; *People ex rel. Bennett* v. *Leman*, 277 N. Y. 368, 375.) Section 258 of the Banking Law is an exercise of the police power aimed at preventing a deception from being practiced upon the public. (*People* v. *Binghamton Trust Co.*, 139 N. Y. 185, 192.) As such, its prohibition of the use of the words in question does not constitute an unreasonable deprivation of rights. (*Dillingham* v. *McLaugh-*

*lin, supra.*) In such a case it is not necessary that there be intent to deceive the State may seek to prevent innocent, as well as intentional, deception. (*Fed. Trade Comm.* v. *Algoma Co.,* 291 U. S. 67; *Quaker Oats Co.* v. *City of New York,* 295 N. Y. 527; *General Motors Corp.* v. *Federal Trade Commission,* 114 F. 2d 33, 36.) Nor did the establishment of the Federal Deposit Insurance Corporation vitiate the statute in question, for it did not eliminate the need upon which the law was based. Since the assets of this corporation, and the coverage it provides, are limited, its protection against loss is limited. Furthermore, it in no way prevents the public from being misled, to which protection it is entitled (*Fed. Trade Comm.* v. *Algoma Co., supra*), and for which purpose the statute was enacted (*People* v. *Binghamton Trust Co., supra*). The State statute herein is not in conflict with Federal law. National banks possess only the powers conferred by Congress. (*Colorado Bank* v. *Bedford,* 310 U. S. 41, 48.) It is conceded that the provision of the Federal Reserve Act, relied upon by respondent (U. S. Code, tit. 12, § 371), does not expressly confer upon such banks the right to use the words "saving" or "savings" in their dealings with the public; and since both the State and Federal statutes can consistently stand together, it may not be implied that when Congress authorized national banks to "continue * * * to receive * * * savings deposits", it intended thereby to supersede the State statute prohibiting them from advertising in a manner found to be misleading by the State Legislature. (*First Nat. Bank* v. *Missouri,* 263 U. S. 640; *Napier* v. *Atlantic Coast Line,* 272 U. S. 605, 611; *Maurer* v. *Hamilton,* 309 U. S. 598, 614; *Reid* v. *Colorado,* 187 U. S. 137, 148; *Savage* v. *Jones,* 225 U. S. 501, 533–534.) Neither does the challenged statute unduly interfere with the operation of a Federal instrumentality. While there is testimony that the prohibition contained therein imposes an advertising handicap on them in their efforts to increase their interest-bearing accounts, the undisputed evidence that such accounts have grown substantially, and that National banks have enjoyed continued prosperity notwithstanding said statute, refutes the claim that it is a "crippling obstruction." National banks, being *privately owned* stock corporations in which the Government has an interest, are not entitled to the privileges of Government departments (*Emer. Fleet Corp.* v. *West. Union,* 275 U. S. 415, 425–426) and are not entitled to the immunities of the United States, or any State or political subdivision thereof. (*National Labor Relations Board* v. *Bank of America,* 130 F. 2d 624, 626–627, certiorari denied 318 U. S. 791.) State regulations under the police power are not invalid, even when they impose some burdens on the *National Government* of the same kind as those imposed on citizens within the State's borders. (*Oklahoma Tax Comm.* v. *Texas Co.,* 336 U. S. 342, 352; *Penn Dairies* v. *Milk Control Comm.,* 318 U. S. 261, 270–271.) It follows that such a regulation is not improper solely because it places some burden on *national banks.* (*First Nat. Bank* v. *Missouri,* 263 U. S. 640, *supra; Hall* v. *Geiger-Jones Co.,* 242 U. S. 539, *supra.*) Nor is the State statute herein discriminatory, for by its terms it applies equally to all commercial banks, State chartered as well as Nationally chartered. For purposes of regulation, banks may be divided into different classes (12 Am. Jur., Constitutional Law, § 506, pp. 187–188); and savings banks, which do not operate under the same conditions as commercial banks, form a reasonable classification where, as here, such differentiation is required for a valid statutory purpose (*Provident Savings Institution* v. *Malone,* 221 U. S. 660, 666; *Mercantile Bank* v. *New York,* 121 U. S. 138, 161, *supra*). Since the prohibition

applies equally to all institutions in similar circumstances and operating under the same conditions, it is not such class legislation as is prohibited by constitutional provisions. (12 Am. Jur., Constitutional Law, §§ 504, 505, and cases cited; *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540; *Cotting* v. *Kansas City Stock Yards Co.*, 183 U. S. 79.) Finally, the statute does not forbid the use of the expressions heretofore permitted by the State Banking Department (2 Sutherland on Statutory Construction [3d ed.], § 5107, and cases cited); or in terms prohibit the voluntary publicizing of U. S. Savings Bonds in furtherance of *Government business* (*Davis* v. *Elmira Savings Bank*, 161 U. S. 275); nor do reports to Government departments come within its purview. Carswell, Wenzel and Schmidt, JJ., concur; Nolan, P. J., dissents and votes to affirm, with the following memorandum: Section 258 of the Banking Law is in conflict with the Federal statute (Federal Reserve Act, § 24; U. S. Code, tit. 12, § 371), insofar as it *forbids* the use of the word "savings". I agree that the State has the power to protect the public, by preventing national banks from purporting to act as savings banks and even from using the word "savings" in a manner which might deceive depositors in that respect. The purpose should be accomplished by regulation, however, and not by a prohibition which would prevent even a verbatim statement by a national bank of the Federal law, which specifically permits national banks to receive *savings* deposits. Adel, J., not voting. [200 Misc. 557.]