Hyman Kobn, J.
Plaintiff moves for an order striking out the answers of the defendants and directing entry of summary judgment with declarations favorable to the plaintiff and against the defendants.
By this class action, plaintiff .seeks a declaration that the city and State tax statutes which impose an alternative minimum tax upon savings banks and savings and loan associations are unconstitutional upon the ground such statutes differ frdm similar statutes affecting commercial banks and are, therefore, discriminatory; constitute an ad valorem tax on intangible property contrary to constitutional prohibition; and such tax statutes deny to such associations the equal protection of the law and fail to state the tax or its application as constitutionally required. The tax statutes involved are subdivision 3 of .section 219-q of article 9-B of the Tax Law and section R46-12.0 of the Administrative Code of the City of New York. Violation is claimed of section 22 of article III of the State. Constitution; sections 3 and 4 of article XVI of the. State Constitution; as well as the Equal Protection and Due Process Clauses of the State and Federal Constitutions.
The objections relate to the imposition on savings banks and savings' and loan associations of a franchise tax under an alternative minimum tax formula not applied to other financial and banking institutions. Thus it is urged a higher tax is paid than, would be paid if the minimum tax formula not applicable to other banks were not imposed upon savings and loan associations.
The State and city impose a minimum tax at stated but different rates. Plaintiff and similar banks differ from commercial and national banks and have been separately classified consistently. This classifying of the various banking institutions differently for legislative and tax purposes has been held ■ to have proper basis (People v. Franklin Nat. Bank of Franklin Square, 200 Misc. 557, revd. on other grounds 281 App. Div. 757, mod. 305 N. Y. 453, revd. 347 U. S. 373). There remained standing the following stated in the opinion of the Appellate Division (p. 758): “For purposes of regulation, banks máy be divided into different classes (12 Am. Jur., Constitutional Law, § 506, pp. 187-188); and savings banks, which do not operate under the same conditions as commercial banks, form a reasonable classification where, as here, such differentiation is required for a valid statutory purpose (Provident Savings Institution v. Malone, 221 U. S. 660, 666; Mercantile Bank v. New York, 121 U. S. 138, 161).” There, the distinction between *359 commercial and savings banks was recognized and emphasized for the protection of savings banks by prohibiting the use by commercial banks of the word “ savings ”.
Section 189 of the Tax Law had imposed a franchise tax on savings banks. It was repealed by section 8 of chapter 764 of the Laws of 1945. The amended law then imposed a franchise tax on savings banks pursuant to article 9-B of the Tax Law which theretofore applied only to commercial banks. The purpose of the amendment was stated in the Governor’s message approving the bill as follows:
“ Under the present system of taxation, the savings banks with average assets of $6,500,000,000 over the years 1941 through 1943, paid an average tax of $4,600,000. The commercial banks with average assets of $30,000,000,000 paid an average annual rate of $6,800,000 over the same period.
“ The existing situation is undesirable in that it discriminates against the savings banks by taxing them relatively more heavily than the commercial banks despite the fact that they are mutual institutions chartered by the State to serve its thrifty people, chiefly those of small means. The method in use is also undesirable in that it is not based on ability to pay. * * *
“ This bill is designed to bring the tax paid by the savings banks in line with that paid by the commercial banks. The method also is more in consonance with the ability of the bank to pay in that it is levied against earnings rather than against previously accumulated surplus.” (Public Papers of Governor Thomas E. Dewey, 1945, pp. 257-258.)
Different tax treatment is justified as between industrial banks and other banks by reason of variations in powers and the nature of business they are permitted to conduct (Matter of Modern Ind. Bank v. Graves, 260 App. Div. 349, affd. 285 N. Y. 668). Likewise, stock and nonstock banks warrant different regulations and tax treatment. (Matter of Roosevelt Raceway v. County of Nassau, 18 N Y 2d 30; People v. Franklin Nat. Bank, 305 N. Y. 453, revd. on other grounds 347 U. S. 373; Michigan Nat. Bank v. Michigan, 365 U. S. 467.)
The alternative minimum tax did not increase, as plaintiff urges, but decreased the tax burden of savings banks by authorizing deduction of interest paid to depositors or interest payable if it were credited to depositors in computing the franchise tax. In addition, in its application the alternative tax is applied to dividends paid not in excess of . 2% instead of on the total dividend paid opt when in excess of 2%,
*360 The tax, as claimed, is not an ad valorem tax on intangible property proscribed by section 3 of article XYI of the State Constitution. The prohibition arises if imposed “ solely because of the ownership or possession thereof ”. The franchise tax is fixed by measuring what is due as interest or dividend to the depositor which is quite apart from the fact that the banks owned the property from which such interest or dividend flows. Measurement of tax by percentage of interest or dividend is not- an evaluation of property and assets owned. The same result was reached in Matter of Guardian Life Ins. Co. of Amer. v. Chapman (302 N. Y. 226). There, premium income was the basis for measurement. Premium income is no different from income earned on deposits (Society of Savings v. Coite, 6 Wall. [73 U. S.] 594; Robinson v. Fidelity Trust Co., 140 Me. 302).
Plaintiff claims noncompliance with section 22 of article III of the State Constitution. It reads: “ Every law which imposes, continues or revives a tax shall distinctly state the tax and the object to which it is to be applied, and it shall not be sufficient to refer to any other law to fix such tax or object.”
Reference is made to the title of article 9-B of the Tax Law which reads: “ Franchise Tax on State Banks, Trust Companies and Financial Corporations and Tax on Savings and Loan Associations ”, Subdivision 3 of section 219-q of the Tax Law reads in part:
‘ ‘ 1. For the privilege of exercising its franchise in this state in a corporate or organized capacity,
“(a) Every bank and savings and loan association organized under the authority of this state ”. When read together, it is clear the tax imposed is a franchise tax. What the tax is and upon whom imposed are clearly stated. The same is true as to section R46-12.0 of the Administrative Code. Further, it is enough that the proceeds go into the general fund for public purposes. The constitutional provision, as applicable, has been met. It is not applicable in the ease of a tax in the nature of a license. (Sweeney v. Cannon, 23 A D 2d 1.)
Defendants request entry of declaratory judgment in their favor. The motion is granted to the extent of directing entry of judgment containing declarations favorable to the defendants.