Honorable Harold Esser Representative, District 33 3 West Glen Arbor Road Kansas City, Missouri 64114
Dear Representative Esser:
This is in response to your request for an opinion on the question of whether it is legal to expend moneys from the state school moneys fund for the transportation of pupils to and from public schools. You have not provided this office with the facts that occasion you opinion request; therefore, we can answer your request only in a most general way.
As a general proposition, the Missouri General Assembly has the power to enact any law subject only to limitations contained in the United States and Missouri Constitutions. Preislerv. Doherty, 284 S.W.2d 427 (Mo.Banc 1955); McGrew v. GraniteBituminous Paving Co., 155 S.W. 411 (Mo.Banc 1912); State exrel. Barker v. Merchants' Exch. of St. Louis, 190 S.W. 903 (Mo. Banc 1916) aff'd 248 U.S. 365, 63 L.Ed. 300, 39 S.Ct. 114 (1919);State ex rel. Preisler v. Woodward, 105 S.W.2d 912 (Mo. 1937).
In Section 166.051, RSMo 1969, the Missouri General Assembly established the state school moneys fund to which you refer. This section provides as follows:
 "All interest from the investment belonging to the state public school fund shall be paid into the state treasury and credited to the state school moneys fund, which is hereby created. All other funds for the support of free public schools shall be credited to the state school moneys fund and shall be paid out for such purposes on warrants as directed by the state board of education."
By virtue of Section 167.231, RSMo 1969, the legislature has required public school districts to furnish transportation for certain pupils who attend their schools. In addition, the legislature has authorized state financial assistance for the transportation services provided by school districts which is computed in accordance with the formula set forth in Section 163.161, RSMo 1969.
By virtue of these statutory provisions, there can be no doubt that the Missouri legislature has authorized the distribution of state funds to public school districts that provide transportation in conformance with Missouri statutes and the regulations adopted by the State Board of Education. We must next determine whether either the federal or state constitution prohibits the Missouri General Assembly from enacting statutes to require or permit the expenditure of public moneys for the purpose of providing pupil transportation to and from public schools.
Article III, Section 38(a) of the Missouri Constitution prohibits the General Assembly from granting public moneys or property to any private person, association, or corporation except in limited circumstances not pertinent to your question. This constitutional provision permits the legislature to authorize the payment of public funds only for a valid public purpose. Americans Unitedv. Rogers, 538 S.W.2d 711 (Mo.Banc 1976). Although Missouri courts have never decided whether expenditures for pupil transportation serve a valid public purpose, the Missouri Supreme Court in McVeyv. Hawkins, 258 S.W.2d 927 (Mo.Banc 1953), implicitly found that pupil transportation was an integral part of the educational system of this state. A federal court reached a similar conclusion in Luetkemeyer v. Kaufmann, 364 F. Supp. 376 (W.D. Mo. 1973) aff'd419 U.S. 888 (1974). We do not believe that any legitimate question exists that expending money for public education serves a valid public purpose. Article IX, Section 1(a), Missouri Constitution. Therefore, we conclude that the expenditure of public money to provide transportation to and from public schools constitutes the expenditure of money for a public purpose and does not contravene Article III, Section 38(a) of the Missouri Constitution.
We find no other provision in either the United States or the Missouri Constitutions that would prohibit the Missouri legislature from authorizing the payment of state funds for this public purpose; i.e., providing transportation services for pupils attending public schools. The only appellate cases we have located that dealt with the constitutionality of the Missouri public school transportation statutes are Luetkemeyer v. Kaufmann,supra, and McVey v. Hawkins, supra. The only issue raised in those cases, however, was whether the transportation statutes violated the federal and state equal protection clauses by providing public transportation only for children who attend public schools and withholding such services from children who attend nonpublic schools. In both cases, the court upheld the constitutionality of the public transportation statutes. Neither opinion even remotely suggests that providing transportation to and from public schools may be prohibited under any other provision of the state or federal constitutions.
CONCLUSION
It is therefore the opinion of this office that state funds may lawfully be distributed to public school districts in order to defray part of the cost of transporting children to and from public schools.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Karen M. Iverson.
Yours very truly,
 JOHN C. DANFORTH Attorney General