■ In the Matter of BANKERS TRUST NEW YORK CORPORATION et al., Petitioners, v DEPARTMENT OF FINANCE OF THE CITY OF NEW YORK et al., Respondents.—Determination of the Department of Finance of the City of New York dated June 12, 1990, which, after a hearing, denied the petitioners' claim for a refund of New York City Financial Corporation Tax in the amount of $3,997,479 plus interest for the tax year ending December 31, 1976 (transferred to this Court by order of Supreme Court, New York County [Jacqueline W. Silbermann,

J.] entered on or about October 24, 1990), unanimously confirmed and the petition dismissed, without costs.

New York Laws of 1966 (ch. 772, § 1)* authorizes "any city having a population of one million or more * * * to adopt and amend local laws imposing * * * taxes on * * * financial corporations". Section 12 (1) of the Model Local Law, immediately following the enabling statute (1966 McKinney's Session Laws of NY, at 974), expressly states that a "[t]ax based on net income" be imposed "[f]or the privilege of doing business in the city". The New York City Banking Corporation Tax Law (Administrative Code of City of New York § 11-639 [a] [formerly § R46-37.1 [a]) tracks the language of the enabling legislation's Model Local Law. While it does not employ the words "franchise tax", it functions as such a tax nonetheless, and equivalent language is found in the section, namely, "[f]or the privilege of doing business in the city in a corporate or organized capacity". (See, *Woodside Sav. & Loan Assn. v Gallman,* 73 Misc 2d 357 [Sup Ct, NY County 1972], *affd on opn of Korn, J., at Special Term* 34 NY2d 674.) Even though measured by income, the New York City Banking Corporation tax is not to be viewed as a tax on income. (See, *First Am. Natl. Bank v Olsen,* 751 SW2d 417, 422 [Tenn 1987].) For that reason, it is exempt from the provisions of 31 USC § 3124 (a) (formerly 31 USC § 742; Rev Stat § 3701).

31 USC § 3124 (a) does not limit the States' taxing authority so that only one such tax can be imposed; a number of acceptable forms of taxation can be imposed concurrently within the exception of the federal immunity statute. (See, *First Am. Natl. Bank v Olsen, supra.)* Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Kassal, JJ.

---

* Entitled, "City Corporate Business and City Unincorporated Business Income Tax".