**INDEPENDENT GIN & WAREHOUSE CO., et al. v. DUNWOODY, Commissioner of Agriculture and Industries of Alabama, et al.**

No. 5538.

Circuit Court of Appeals, Fifth Circuit.

April 21, 1930.

Perry W. Turner, of Birmingham, Ala., and Benjamin P. Crum, of Montgomery, Ala. (Martin, Thompson, Turner & McWhorter, of Birmingham, Ala., and Steiner, Crum & Weil, of Montgomery, Ala., on the brief), for appellants.

A. A. Evans, Asst. Atty. Gen., of Alabama (Charlie C. McCall, Atty. Gen., of Alabama, on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge.

This is a bill by some eighteen persons, corporations, and partnerships, engaged in operating cotton warehouses in Alabama, to enjoin the Commissioner of Agriculture and Industry of Alabama, the Attorney General of that state, and other officials of the state, from enforcing the provisions of the law of Alabama licensing and regulating the business in which they are engaged. It is alleged that from 70 to 80 per cent. of the cotton stored by plaintiffs is intended to move in interstate commerce, and each of the plaintiffs has complied with the provisions of the Act of August 11, 1916, as amended, known as the United States Warehouse Act (7 USCA § 241 et seq.). It is contended that to enforce the provisions of the Alabama law would be an unwarranted interference with interstate commerce and deprive the plaintiffs of their property without due process of law in violation of the Federal Constitution. No question is raised· as to the sufficiency of the amount involved or want of community of interest of the plaintiffs. The bill prays for interlocutory and final injunctions. The District Court denied a motion for a temporary restraining order. The application for an interlocutory injunction was not pressed to a hearing, and the District Court sustained a

motion of respondents to dismiss the bill on the grounds that it states no cause of action and is not cognizable in equity. From the judgment dismissing the bill this appeal is prosecuted.

Section 361, schedule 114, of the Acts of Alabama 1919, pp. 395 and 436, provides for a license or privilege tax to be paid by each person, firm, or corporation operating a warehouse or yard for the storage and housing of cotton. The license is graduated from $10 for the storage of not more than 5,000 bales in one year up to $100 for the storage of more than 30,000 bales. The Agricultural Code of Alabama, adopted by the Legislature (Acts Ala. 1927, p. 324) and approved by the Governor August 24, 1927, provides for regulation, supervision, and inspection of cotton warehouses and the giving of a bond as well as the payment of the license and a fee of $5 for filing the application before engaging in business. Sections 388–407.

The United States Warehouse Act, title 7 USCA § 241 et seq. provides inter alia for the licensing of warehousemen storing any agricultural product or products for interstate or foreign commerce, provides for the giving of bond, authorizes the warehousemen to issue either negotiable or nonnegotiable warehouse receipts, and authorizes those licensed to issue weight certificates, classify, and issue certificates of grade and quality according to the standards established by the Secretary of Agriculture.

Section 247 provides: "Each warehouseman applying for a license to conduct a warehouse in accordance with this chapter, shall, as a condition to the granting thereof, execute and file with the Secretary of Agriculture a good and sufficient bond to the United States to secure the faithful performance of his obligations as a warehouseman under the laws of the State, District, or Territory in which he is conducting such warehouse, as well as under the terms of this chapter and the rules and regulations prescribed thereunder, and of such additional obligations as a warehouseman as may be assumed by him under contracts with the respective depositors of agricultural products in such warehouse."

Section 269 further provides: "Nothing in this chapter shall be construed to conflict with, or to authorize any conflict with, or in any way to impair or limit the effect or operation of the laws of any State relating to warehouses, warehousemen, weighers, graders, inspectors, samplers, or classifiers; but the Secretary of Agriculture is authorized to cooperate with such officials as are charged with the enforcement of such State laws in such States and through such cooperation to secure the enforcement of the provisions of this chapter * * *."

The District Court, as appears from a memorandum opinion in the record, reached the conclusion that Congress did not intend to occupy the whole field as to the storing, etc., of agricultural products moving in interstate and foreign commerce and did not intend to exclude the jurisdiction of the states in regulating agricultural warehouses and warehousemen, even though such regulations should tend to affect interstate or foreign commerce. We concur in this holding. Merchants' Exchange v. Missouri, 248 U. S. 365, 39 S. Ct. 114, 63 L. Ed. 300; American Manf. Co. v. St. Louis, 250 U. S. 459, 39 S. Ct. 522, 63 L. Ed. 1084.

The record presents no reversible error. Affirmed.