**WILSON v. BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE et al.**

Civ. A. No. 816.

United States District Court
E. D. Louisiana, Baton Rouge Division.

Oct. 7, 1950.

A. P. Tureaud, New Orleans, La., U. Simpson Tate, Dallas, Tex., Thurgood Marshall, New York City, for petitioner.

Bolivar E. Kemp, Jr., Attorney General of Louisiana; Carroll Buck, First Assistant Attorney General; Henry C. Sevier, C. C. Bird, Jr., Taylor, Porter, Brooks Fuller & Phillips, C. V. Porter, L. W. Brooks and James R. Fuller all of Baton Rouge, La., for respondent.

Before BORAH, Circuit Judge, CHRISTENBERRY, Chief Judge, and WRIGHT, District Judge.

WRIGHT, District Judge.

By this action, which was filed on September 13, 1950, the plaintiff on his own

behalf and on behalf of all Negro citizens of the United States residing in the State of Louisiana similarly situated and affected is seeking injunctions, temporary and final, against defendant state officers restraining them from enforcing an order of defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, an administrative board of the State of Louisiana. It is said that plaintiff made timely application for admission as a student to the Department of Law of the Louisiana State University and Agricultural and Mechanical College and complied with all of the rules and regulations governing the admission of students and that although possessing all of the qualifications entitling him to be admitted he has been denied admission pursuant to the order of said Board solely because of his race or color. In these circumstances it is said refusal to admit the plaintiff to the Department of Law of the Louisiana State University and Agricultural and Mechanical College for the purpose of pursuing a course of study he seeks, denies to the plaintiff a right guaranteed by the Fourteenth Amendment to the Constitution of the United States.

Plaintiff's application for an interlocutory injunction was heard by this statutory court of three judges on September 29, 1950. The hearing was upon the pleadings, affidavits and depositions. On the same day the defendants filed a motion to dismiss the within action in so far as it purports to be a class action, and a hearing on this motion was likewise had, whereupon the court took time to consider and now being advised sets forth the findings of fact and conclusions of law which constitute the grounds of its motion.

### Findings of Fact

1. The State of Louisiana has established, maintains and operates an institution known as the Louisiana State University and Agricultural and Mechanical College, one of the divisions of which, the Department of Law, has been in existence since the year 1906. The university operates as part of the educational system of the State of Louisiana and is maintained by appropriations from the public funds which are raised by taxation upon the citizens and taxpayers of said state.

2. The defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College pursuant to the Constitution and laws of the State of Louisiana exercises over-all authority with reference to the regulation of the institution including the admission of students to the Department of Law.

3. The State of Louisiana has established and as a state function maintains and operates an institution known as Southern University. Admission to Southern University is limited to Negroes. There is and has been since the year 1947 a Department of Law at Southern University maintained and operated to afford an education in law to Negro students.

4. The plaintiff, Roy S. Wilson, is a Negro resident and citizen of Louisiana who possesses all the qualifications for admission to the Department of Law of Louisiana State University and Agricultural and Mechanical College as well as the Department of Law of Southern University.

5. During the period when defendants were receiving applications for admission as students to the Department of Law of the Louisiana State University and Agricultural and Mechanical College for the school year 1950–51, and after complying with all of the rules and regulations governing the admission of students to said Department of Law, plaintiff applied for admission as a student. On the 28th day of July 1950 the defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College adopted a resolution directing the administrative officers of the university to deny the application of the plaintiff and thereafter the Dean of Louisiana State University Law School advised plaintiff by letter that the State of Louisiana maintains separate schools for its white and colored students and that Louisiana State University does not admit colored students. The resolution of the Board stated that their action was "pursuant to the laws of Louisiana and the policies of this Board."

6. The State of Louisiana maintains separate schools for its white and colored students. It was conceded by both sides at the argument, and the court finds, that there is no statute or provision of the Constitution of the State of Louisiana which by its terms denies to Negroes admission to Louisiana State University and Agricultural and Mechanical College. It is, however, the policy of the Board to deny Negro applicants admission to the Department of Law of the Louisiana State University and Agricultural and Mechanical College.

7. The law school of Southern University was established in the year 1947 pursuant to a definite and announced policy of the State Board of Education that there was to be a bona fide law school for Negroes of the highest possible standards and that all things necessary to be done to meet the accreditation standards of the Association of American Law Schools and the Council of Legal Education and Admissions to the Bar of the American Bar Association should be done. However, the policy of the State Board of Education has not in this comparatively short period of time been effectuated and the Law School of Southern University does not afford to plaintiff educational advantages equal or substantially equal to those that he would receive if admitted to the Department of Law of the Louisiana State University and Agricultural and Mechanical College.

8. Louisiana State University was established in 1859 and has been in continuous operation since that time save for a short period during the Civil War when it was closed because of hostilities. The present value of its plant is $34,724,654.84. Louisiana State University is a full university accredited by every recognized accrediting agency in the country. It has twelve colleges and several divisions within these colleges and offers not only undergraduate degrees but provides professional degrees, masters degrees and doctors degrees.

9. Southern University was established in 1880 and its plant is valued at about two and one-half million dollars. Southern University is not a member of the Southern Association of Colleges and Secondary Schools but it enjoys the highest rating given by the Association. Except for the Law School, Southern is merely a college and not a university.

10. The showing made raises serious questions under the Federal Constitution and discloses that enforcement of the order pending final hearing would inflict irreparable damages upon the plaintiff.

Conclusions of Law

1. This suit arises under the Constitution and laws of the United States, and seeks redress for the deprivation of civil rights guaranteed by the Fourteenth Amendment and this court is vested with jurisdiction. 28 U.S.C.A. § 1343; Act of April 20, 1871, Chapter 22, section 1, 17 Stat. 13, 8 U.S.C.A. § 43; Act of May 31, 1870, Chapter 114, section 16, 16 Stat. 144, 8 U.S.C.A. § 41; 28 U.S.C.A. § 2281. Since an application for an interlocutory injunction against the order of a State administrative board is sought on the grounds of unconstitutionality of the order, the subject matter is properly cognizable by a three judge court under Section 2281 of the Judicial Code, 28 U.S.C. § 2281, 28 U.S.C.A. § 2281. Oklahoma Natural Gas Company v. Russell, 261 U.S. 290, 43 S.Ct. 353, 67 L.Ed. 659.

2. This action is properly brought as a class action under Rule 23(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Defendants' motion to dismiss is accordingly denied.

3. The class which plaintiff represents is composed of the Negro citizens of the state who possess the requisite qualifications for admission to the Department of Law of the Louisiana State University and Agricultural and Mechanical College. We hold, in conformity with the equal protection clause of the Fourteenth Amendment, that the plaintiff and all others similarly qualified and situated are entitled to educational advantages and opportunities available within the state, at the same time, upon the same terms and substantially equal to those which the state provides and makes available to other residents and citizens of the state. Sipuel v. Board of

Regents of University of Oklahoma et al., 332 U.S. 631, 68 S.Ct. 299, 92 L.Ed. 247; State of Missouri ex rel. Gaines v. Canada, Registrar of the University of Missouri et al., 305 U.S. 337, 59 S.Ct. 232, 83 L.Ed. 208; McLaurin v. Oklahoma State Regents, 339 U.S. 637, 70 S.Ct. 851; Sweatt v. Painter, 339 U.S. 629, 70 S.Ct. 848.

4. The court is of the opinion that the order of the defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College denying admission to the plaintiff to the Department of Law solely because of his race and color denies a right guaranteed to plaintiff by the Fourteenth Amendment and that enforcement of the order, pending final hearing, would inflict irreparable damages upon the plaintiff.

It accordingly follows from what has been said that the situation presented, in our opinion, calls for the issuance of an interlocutory injunction. A decree will accordingly be entered for the plaintiff and its terms may be settled after notice.