## GRAY et al. v. BOARD OF TRUSTEES OF UNIVERSITY OF TENNESSEE et al.

### Civ. No. 1567.

United States District Court
E. D. Tennessee, N. D.

April 13, 1951.

See also, D.C., 97 F.Supp. 463.

Carl A. Cowan, Avon N. Williams, Jr., and Z. Alexander Looby, Nashville, Tenn., Thurgood Marshall, and Robert L. Carter, New York City, for plaintiffs.

John J. Hooker, K. Harlan Dodson, Jr., Nashville, Tenn., for defendants.

Before MILLER, Circuit Judge, and DARR and TAYLOR, District Judges.

MILLER, Circuit Judge.

The plaintiffs by this action seek to enjoin the Board of Trustees of the University of Tennessee, the University of Tennessee, and certain of its officers from denying them admission to the Graduate School and to the College of Law of the University because they are members of the Negro race.

In brief, the complaint alleges that the plaintiffs are citizens of the United States and of the State of Tennessee, are residents of and domiciled in the City of Knoxville, State of Tennessee, and are members of the Negro race; that plaintiffs, Gene Mitchell Gray and Jack Alexander, are fully qualified for admission as graduate students to the Graduate School of the University; that plaintiffs Lincoln Anderson Blakeney and Joseph Hutch Patterson are fully qualified for admission as undergraduate students in law to the College of Law of the University; that the four plaintiffs are ready, willing and able to pay all lawful charges and fees, and to comply with all lawful rules and regulations, requisite to their admission; that the University of Tennessee is a corporation duly organized and existing under the laws of Tennessee, was established and is operated as a State function by the State of Tennessee, with two of its integral parts or departments being the Graduate School and the College of Law; that it operates as an essential part of the public school system of the State of Tennessee, maintained by appropriations from the public funds of said State raised by taxation upon the citizens and taxpayers of the State including the plaintiffs; that there is no other institution maintained or operated by the State at which plaintiffs might obtain the graduate or legal education for which they have applied to the University of Tennessee; that the plaintiffs Gene Mitchell Gray and Jack Alexander applied for admission as graduate students to the Graduate School of the University and that the plaintiffs Lincoln Anderson Blakeney and Joseph Hutch Patterson applied for admission as undergraduate students in law to the College of Law of the University; and that on or about December 4, 1950, the Board of Trustees of the University refused and denied each and all of their applications for admission because of their race or color, relying upon the Constitution and Statutes of the State of Tennessee providing that there shall be segregation in the education of the races in the schools and colleges in the State. Plaintiffs contend that the action of the defendants in denying them admission to the University denies the plaintiffs, and other Negroes similarly situated, because of their race or color, their privileges and immunities as citizens of the United States, their liberty and property without due process of law, and the equal protection of the laws, secured by the 14th Amendment of the Constitution of the United States and by Section 41, Title 8 United States Code Annotated.

The defendants, by answer, state that they are acting under and pursuant to the Constitution and the Statutes of the State of Tennessee, by which they are enjoined from permitting any white and Negro children to be received as scholars together in the same school; that provision has been made by Tennessee Statutes to provide professional education for colored persons not offered to them in state colleges for Negroes but offered for white students in the University of Tennessee; that the State of Tennessee, under its Constitution and Statutes and under its police power, has adopted reasonable regulations for the operation of its institutions based upon established usages, customs and traditions, and such regulations being reasonable are not subject to challenge by the plaintiffs; and that the 14th Amendment of the Constitution of the United States did not authorize the Federal Government to take away from the State the right to adopt all reasonable laws and regulations for the preservation of the public peace and good order under the inherent police power of the State.

The plaintiffs requested a hearing by a three-judge court under the provisions of Title 28 U.S.Code, § 2281, and moved for judgment on the pleadings in that the pleadings showed that there was no dispute as to any material fact and they were entitled to judgment as a matter of law. The present three-judge court was designated and in due course the case was argued before it.

■ We are of the opinion that the case is not one for decision by a three-judge court. Title 28 U.S.Code, § 2281, requires the action of a three-judge court only when an injunction is issued restraining the ac-

tion of any officer of the State upon the ground of the unconstitutionality of such statute. We are of the opinion that the case presents a question of alleged discrimination on the part of the defendants against the plaintiffs under the equal protection clause of the 14th Amendment, rather than the unconstitutionality of the statutory law of Tennessee requiring segregation in education. As such, it is one for decision by the District Judge instead of by a three-judge court.

■ The plaintiffs rely chiefly upon the decisions of the Supreme Court in Missouri ex rel. Gaines v. Canada, 305 U.S. 337, 59 S.Ct. 232, 83 L.Ed. 208; Sipuel v. Board of Regents, 332 U.S. 631, 68 S.Ct. 299, 92 L.Ed. 247; Sweatt v. Painter, 339 U.S. 629, 70 S.Ct. 848, 94 L.Ed. 1114, and McLaurin v. Oklahoma State Regents, 339 U.S. 637, 70 S.Ct. 851, 94 L.Ed. 1149, in which State Universities were required to admit qualified Negro applicants. In each of those cases the plaintiff was granted the right to be admitted to the State University on equal terms with white students because of the failure of the State to furnish to the Negro applicant educational facilities equal to those furnished white students at the State University. The rulings therein are based upon illegal discrimination under the equal protection clause of the 14th Amendment, not upon the unconstitutionality of a State statute. In Sweatt v. Painter, supra, the Court expressly pointed out, 339 U.S. at page 631, 70 S.Ct. at page 848, 94 L.Ed. 1114, that it was eliminating from the case the question of constitutionality of the State statute which restricted admission to the University to white students. Those cases did not change the rule, previously laid down by the Supreme Court, that State legislation requiring segregation was not unconstitutional because of the feature of segregation, Plessy v. Ferguson, 163 U.S. 537, 16 S.Ct. 1138, 41 L.Ed. 256; McCabe v. Atchison T. & S. F. Ry. Co., 235 U.S. 151, 35 S.Ct. 69, 59 L.Ed. 169, provided equal facilities were furnished to the segregated races. In Sweatt v. Painter, supra, the Supreme Court declined, 339 U.S. at page 636, 70 S.Ct. at page 851, 94 L.Ed. 1114, to re-examine its ruling in Plessy v.

Ferguson, supra. In Berea College v. Commonwealth of Kentucky, 211 U.S. 45, 29 S. Ct. 33, 53 L.Ed. 81, and Gong Lum v. Rice, 275 U.S. 78, 48 S.Ct. 91, 72 L.Ed. 172, state segregation statutes dealing specifically with education were not held to be unconstitutional. The validity of such legislation was recognized in Missouri ex rel. Gaines v. Canada, supra, wherein the Court stated, 305 U.S. at page 344, 59 S.Ct. 234—"The State has sought to fulfill that obligation by furnishing equal facilities in separate schools, a method the validity of which has been sustained by our decisions." In that case, as well as in Sweatt v. Painter, supra, there were State statutes which required segregation for the purpose of higher education, but the decisions in those cases did not declare those statutes unconstitutional.

■ By Chapter 43 of the Public Acts of 1941, the State of Tennessee authorized and directed the State Board of Education and the Commissioner of Education to provide educational training and instruction for Negro citizens of Tennessee equivalent to that provided at the University of Tennessee by the State of Tennessee for white citizens of Tennessee, such training and instruction to be made available in a manner to be prescribed by the State Board of Education and the Commissioner of Education, provided, that the members of the Negro race and white race should not attend the same institution or place of learning. The Supreme Court of Tennessee has held that Act to be mandatory in character. State ex rel. Michael v. Witham, 15 Beeler 250, 179 Tenn. 250, 165 S.W.2d 378. Such legislation, specifically requiring equal educational training and instruction for white and Negro citizens, appears to go further than did some of the State statutes involved in the Supreme Court cases above referred to, which were not declared unconstitutional in those cases. In our opinion, this case does not turn upon the unconstitutionality of the state statutes, but presents the same issue as was presented to the Supreme Court in Missouri ex rel. Gaines v. Canada, supra, Sipuel v. Board of Regents, supra, Sweatt v. Painter, supra, and McLaurin v. Okla-

**116**

homa State Regents, supra, namely, the question of discrimination under the equal protection clause of the 14th Amendment. Accordingly, this case, at least in its present stage, is one for decision by the District Judge, in the district of its filing, on the issue of alleged discrimination against the plantiffs under the equal protection clause of the 14th Amendment. Such an issue does not address itself to a three judge court. Ex parte Bransford, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249; Ex parte Collins, 277 U.S. 565, 48 S.Ct. 585, 72 L.Ed. 990; Rescue Army v. Municipal Court, 331 U.S. 549, 568–574, 67 S.Ct. 1409, 91 L.Ed. 1666.

The two Judges designated by the Chief Judge of the Circuit to sit with the District Judge in the hearing and decision of this case do now accordingly withdraw from the case, which will proceed in the District Court where it was originally filed. See Lee v. Roseberry, D.C., 94 F.Supp. 324, 328.