### WICHITA FALLS JUNIOR COLLEGE DIST. et al. v. BATTLE et al.

No. 13967.

United States Court of Appeals
Fifth Circuit.

May 15, 1953.

Rehearing Denied June 8, 1953.

[1]. Turner Terminals v. United States, 5 Cir., 177 F.2d 844.

States District Court for the Northern District of Texas by six Negro students, citizens of Texas, seeking for themselves and for all others similarly situated and qualified the right of being admitted to Hardin Junior College, a State institution which under Texas law is open to white students only.

The plaintiffs are five minor children and one adult, a feme sole. The minors are represented by their parents and next friends and all have their residence in Wichita County, Texas, within the geographic limits of the defendant Wichita Falls Junior College District. The latter, a body corporate organized under the general education laws of Texas, operates, controls and supervises Hardin Junior College through the members of the Board of Trustees of the District and the officers of the college, all of whom are administrative officers of the State of Texas and are named as additional defendants herein.

The complaint alleges that plaintiffs made proper application for admission to Hardin Junior College, which is the only publicly supported junior college within the Wichita Falls Junior College District; that plaintiffs possessed all of the qualifications necessary for matriculation; and that the Board of Trustees and the college officers denied their applications solely on account of their race and color. Further, that the refusal of defendants to admit them constitutes a denial, under color of Texas law, of educational opportunities, facilities, and advantages substantially equal to those afforded white children, in contravention of the Fourteenth Amendment to the Constitution of the United States, § 1, and the rights secured by Title 8, U.S.C.A. § 41. The relief prayed was that the defendants be enjoined from excluding plaintiffs from admission to the college as students upon the ground of their membership in the Negro race, and that a statutory three-judge court be convened for the purpose of determining the constitutionality of the provisions of the Constitution [1] and statutes [2] of Texas which

Guy Rogers, C. C. McDonald, and Thelbert Martin, Wichita Falls, Tex., for appellants.

Price Daniel, Austin, Tex., amicus curiæ.

W. J. Durham and U. Simpson Tate, Dallas, Tex., for appellees.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

BORAH, Circuit Judge.

This suit for a declaratory judgment and injunctive relief was brought in the United

1. Art. VII, § 7 of the Constitution of the State of Texas provides in part as follows: "Separate schools shall be provided for the white and colored children, and impartial provision shall be made for both."

2. Art. 2900, Vernon's Ann.Civ.St., provides: "All available public school funds

require racial segregation in State educational institutions.

The defendants in their answer and in the written stipulation on file admit that plaintiffs possessed all of the qualifications necessary for admission to the college and that the exclusion of plaintiffs from admission on account of their race and color was in accordance with the Constitution and statutes of Texas. Further, that defendants intend to pursue the policy of segregation of the white and colored races in classes conducted at the college until such time as the court shall declare such constitutional and statutory provisions unconstitutional and void.

The district court being of opinion that a three-judge court was not required, heard the case upon stipulated facts and entered judgment decreeing to the extent here pertinent, (1) that plaintiffs and other Negroes similarly qualified and situated were entitled to substantially equal educational opportunities and facilities within the Wichita Falls Junior College District as those afforded non-Negro students at Hardin Junior College; (2) that plaintiffs and all other qualified Negro students were forthwith to be admitted to Hardin Junior College; (3) that a writ of injunction issue enjoining defendants from discriminatorily denying to plaintiffs, on account of race and color, the right and privilege of attending said college and enjoying the use of all the educational opportunities and facilities there maintained and made available to all non-Negro students. The judgment further recites that a determination of the issues presented did not require a determination of the validity of any constitutional or statutory provision of Texas under the Fourteenth Amendment. From this judgment defendants have appealed.

The appellants contend that the trial court erred in failing to stay its hand pending an adjudication by the Supreme Court of Texas of the constitutionality of the aforementioned constitutional provision and statutes;[3] in rendering judgment in a cause which should have been heard and determined by a statutory three-judge court pursuant to Title 28, U.S.C.A. § 2281;[4] and in decreeing that the action taken by defendants was in contravention of the Fourteenth Amendment. We do not at all agree.

██ There is no necessity for deciding the constitutionality of any provision of Texas law in determining the fact issues which this case presents. Sweatt v. Painter, 339 U.S. 629, 70 S.Ct. 848, 94 L.Ed. 1114; Rescue Army v. Municipal Court, 331 U.S. 549, 568–574, 67 S.Ct. 1409, 91 L.Ed. 1666. In Sweatt v. Painter, supra, the issue, as here, related to the extent to which the Equal Protection Clause of the Fourteenth Amendment limits the power of a State to distinguish between students of different races in a State-supported educational institution, and in disposing of this issue the court expressly pointed out that it was eliminating from the case the question of constitutionality of the State law which re-

---

of this State shall be appropriated in each county for the education alike of white and colored children, and impartial provisions shall be made for both races. No white children shall attend schools supported for colored children, nor shall colored children attend schools supported for white children. The terms 'colored race' and 'colored children,' as used in this title, include all persons of mixed blood descended from negro ancestry."

Art. 2755, Vernon's Ann.Civ.St., provides: "A school house constructed in part by voluntary subscription by colored parents or guardians, and for a school for colored children, shall not be used for white children without the consent of the trustees of the district, and a like rule shall protect the use of school houses erected in part by voluntary sub-

scription of white parents or guardians for the benefit of white children."

3. See Notes 1 and 2.

4. This statute provides: "An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title." 28 U.S.C.A. § 2281.

stricts admission to the University of Texas to white students. Other decisions of the Supreme Court are in accord. McLaurin v. Oklahoma State Regents, 339 U.S. 637, 70 S.Ct. 851, 94 L.Ed. 1149; Sipuel v. Board of Regents, 332 U.S. 631, 68 S.Ct. 299, 92 L.Ed. 247; Missouri ex rel. Gaines v. Canada, 305 U.S. 337, 59 S.Ct. 232, 83 L.Ed. 208. Therefore, the question for decision is merely whether the policies, usages and customs of the appellants actually do discriminate against the appellees on account of their race and color in violation of the aforesaid Equal Protection Clause. Such an issue is a factual one and obviously does not address itself to a three-judge court. Rescue Army v. Municipal Court, supra; Ex parte Bransford, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249; Ex parte Collins, 277 U.S. 565, 48 S.Ct. 585, 72 L.Ed. 990; Beal v. Holcombe, 5 Cir., 193 F.2d 384.

On this issue of discrimination, the material uncontroverted facts are these. Hardin Junior College at Wichita Falls is one of thirty-three public junior colleges in the State of Texas. But there are no courses or educational facilities within the Wichita Falls Junior College District for qualified Negro junior college students which are equal or substantially equal to the courses and facilities offered and made available to non-Negro junior college students at the Hardin Junior College. However, there has been established in Houston, Texas, an institution known as Texas Southern University; and at Prairie View, Texas, an institution known as Prairie View Agricultural and Mechanical College; both of which provide physical facilities equivalent in every respect to the physical facilities of Hardin Junior College. The two last named institutions are maintained solely for Negroes and the course of instruction, the buildings, the length of term, the courses offered, and all other elements make them the equal of any junior college in Texas. They each give a full four year course whereas the required curriculum of a junior college consists only of freshman and sophomore college work. Art. 2815h, § 12, Vernon's Ann.Civ.St. Texas Southern University is located 411 miles from Wichita Falls. The fare from Wichita Falls to Houston by train is $10.32 and $9.37 by bus. Prairie View Agricultural and Mechanical College, is 367 miles from Wichita Falls and the fare therefrom to Prairie View by train is $10.15 and by bus $8.57.

The facts and circumstances being as related, the narrow question presented for our determination is whether discrimination in the treatment accorded to persons of different races similarly situated prevails when colored students are denied courses which are given to white students at Hardin Junior College and may procure the desired instruction only by traveling 367 or 411 miles distant. We are, of course, mindful of the fact that public schools cannot be brought to every man's door and must be located where they will do the greatest good for the greatest number. Some differentiation in the enjoyment of public school facilities is inevitable. However, manifest inequalities in the treatment of Negro students may not be condoned for under the clear mandate of the Fourteenth Amendment substantial equality is required. In Carter v. School Board of Arlington County, Va., 4 Cir., 182 F.2d 531, as in Corbin v. County School Board of Pulaski County, 4 Cir., 177 F.2d 924, and Pearson v. Murray, 169 Md. 478, 182 A. 590, 103 A.L.R. 706, the inconvenience and loss of time and money imposed upon Negro students by transportation to distant schools were pointed out as exacting a toll on such students and their parents which is real and severe. We are in accord with these decisions and hold as did the District Judge, that the facts here show that the privilege of attending the defendant Hardin Junior College is much less expensive in both time and money for those who reside within the Wichita Falls Junior College District than for those who are forced to go from that District several hundred miles to a like institution; and that this is a discrimination which the law does not allow.

The judgment below is affirmed.