**BOARD OF SUP'RS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE et al. v. TUREAUD.**

**No. 14752.**

United States Court of Appeals
Fifth Circuit.

Oct. 28, 1953.

Rives, Circuit Judge, dissented.

L. H. Perez, New Orleans, La., W. Scott Wilkinson, Shreveport, La., L. W. Brooks, Baton Rouge, La., Fred S. Le Blanc, Atty. Gen., of La., W. C. Perrault, First Asst. Atty. Gen., J. Clyde Pearce, Asst. Atty. Gen., J. H. Tucker, Jr., Shreveport, La., Fred Blanche, Baton Rouge, La., Arthur O'Quin, Shreveport, La., Victor A. Sachse, Baton Rouge, La., R. B. Sadler, Jr., Alexandria, La., C. C. Bird, Jr., James R. Fuller, C. V. Porter, Baton Rouge, La., H. C. Sevier, Tallulah, La., A. J. Shepard, Jr., Lake Charles, La., Grove Stafford, Alexander, La., Oliver Stockwell, Lake Charles, La., Wood Thompson, Monroe, La., Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, La., Wilkinson, Lewis & Wilkinson, Shreveport, La., of counsel, for appellants.

Robert L. Carter, Thurgood Marshall, New York, N. Y., A. P. Tureaud, New Orleans, La., U. Simpson Tate, Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

Brought against state officers of the state of Louisiana, and drawn with precision for the purpose [1] and with the ef-

---

1. The petition alleged:

"1. (c) The jurisdiction of this Court is also invoked under Title 28, U.S.C., Sec. 2281. This is an action for an interlocutory injunction and a permanent injunction restraining the action of officers of the State of Louisiana in the enforcement of statutes of the State of Louisiana and the execution of and the enforcement of an order made by defendant Board of Supervisors of the Louisiana State University and Agricultural and Mechanical College, acting as an administrative board or commission under statutes of such State, as hereinafter more fully appears."

"7. Article XII, Section 1, of the Constitution of Louisiana, 1921, provides, as follows:

" 'Separate free public schools shall be maintained for the education of white and colored children between the ages of six and eighteen years.'

"8. The Louisiana State University and Agricultural and Mechanical College was established in the year 1876. Throughout the existence of the Louisiana State University and Agricultural and Mechanical College, defendant, the Board of Supervisors of the Louisiana State University and Agricultural and Mechanical College, has maintained and pur-

fect [2] of requiring the convening of a three judge court under Sections 2281 et seq. Title 28 U.S.C., the complaint sought injunctive relief, interlocutory and final.

Instead, as was required by Sec. 2284, Chapt. 155, Title 28 U.S.C., of taking the steps required of him for the constitution of the three judge court, as prayed,[3] the district judge proceeded with the hearing as though it were a case for one instead of three judges, and, setting the interlocutory injunction before himself as a single judge, heard and granted it, D.C., 116 F.Supp. 248.

The defendants, appealing from that order, are here seeking a stay of it pending the decision of their appeal, and a vacation and reversal of it as improvidently entered, because (a) the case being for three judges, the order was entered without jurisdiction, and (b) if there was jurisdiction, the order was, for the reasons pressed by them, wrongfully entered.

The appellees, vigorously opposing this view, assert, contrary to the established and settled history and construction of the applicable statute requiring the constitution of a three judge court, that the statute is a purely technical one and must be strictly limited whenever reasonably possible to do so.

That this is not so, a documented statement of the mischief and defect for which the law did not provide before the enactment of this highly remedial legislation may be found set out in many law review articles and decisions. These have made it clear that whenever the

---

sued the uniform policy of restricting admission to the under graduate department of said institution to white students. Defendant, Board of Supervisors of the Louisiana State University and Agricultural and Mechanical College, acting as an administrative board of commission of the State of Louisiana under statutes of said State, has made and established an order excluding, because of their race or color, plaintiff and all other Negroes otherwise qualified, residing in the State of Louisiana, from all colleges, and under graduate divisions of the Louisiana State University and Agricultural and Mechanical College."

"13. Plaintiff is informed and believes, and therefore alleges upon information and belief, that but for the laws of the State of Louisiana set forth in paragraph 7 hereof, defendants would not have established and would not be enforcing or executing the order set forth in paragraph 8 hereof and would not have pursued and would not be pursuing the policy, practice, custom and usage of denying his admission because of his race and would not have deprived and would not continue to deprive plaintiff, and other Negroes similarly situated, of his or their rights secured by the Constitution and laws of the United States, and hereinbefore and hereinafter more fully set forth."

2. Plaintiffs prayed: that this court immediately convene a three judge court as required by Title 28 U.S.C., Sec. 2284; and further prayed at great length and in great detail that first an interlocutory and later, upon final hearing, a permanent, injunction be granted restraining the enforcement of the order set out in par. 8 (note 1, supra).

3. Compare what was determined and said in the earlier case against the same defendants by the three judge court in Wilson v. Board of Supervisors, D.C., 92 F.Supp. 986, at page 988:

"This suit arises under the Constitution and laws of the United States, and seeks redress for the deprivation of civil rights guaranteed by the Fourteenth Amendment and this court is vested with jurisdiction. 28 U.S.C.A., Section 1343; Act of April 20, 1871, Chapter 22, section 1, 17 Stat. 13, 8 U.S.C.A. § 43; Act of May 31, 1870, Chapter 114, section 16, 16 Stat. 144, 8 U.S.C.A. § 41; 28 U.S.C.A. § 2281. Since an application for an interlocutory injunction against the order of a State administrative board is sought on the grounds of unconstitutionality of the order, the subject matter is properly cognizable by a three judge court under Section 2281 of the Judicial Code, 28 U.S.C. § 2281, 28 U.S.C.A., § 2281. Oklahoma Natural Gas Co. v. Russell, 261 U.S. 290, 43 S.Ct. 353, 67 L.Ed. 659. * * *

"The court is of the opinion that the order of the defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College denying admission to the plaintiff to the Department of Law solely because of his race and color denies a right guaranteed to plaintiff by the Fourteenth Amendment * * *."

case is one for three judges, that is where an injunction is sought against a state statute *or order of a state administrative body* on the grounds of its unconstitutionality, the district judge is forbidden to proceed alone where the suit is against a state officer.

In "A Case for Three Judges", 47 Harvard Law Review, 795, the writer, using Heydon's case as his test and guide, undertook to examine into and point out: "(1) What was the common law before the making of the Act? (2) What was the mischief and defect for which the common law did not provide? (3) What remedy the Parliament hath resolved and appointed to cure the disease of the commonwealth? And (4) The true reason of the remedy?" and that "then the office of all the judges is always to make such construction as shall suppress subtle inventions and evasions for continuance of the mischief, and pro privato commodo, and to add force and life to the cure and remedy, according to the true intent of the makers of the act, pro bono publico." Beginning at page 803 of that article appears a documented statement of the mischief and defect which it was the purpose of the statute to relieve against.

It is, therefore, a misconstruction of the decision in Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800, to conclude that the Supreme Court intended therein to label this highly remedial statute as a mere technicality to be evaded and circumvented by a single district judge at will. Indeed, the appellees in their brief themselves state the correct rule thus: "Where the technical jurisdictional prerequisites of Section 2881 are met, a three judge court becomes mandatory", citing many cases.

It is true that the plaintiff has it in his own hands to determine by the allegations of his complaint, in the first instance, whether a three judge court should be summoned, and, further, if, as originally drawn, his complaint presents a case for three judges, he may by amendment to or abandonment of his claim requiring the constitution of a three judge court, enable the district judge to proceed alone. This was many times taken advantage of, under the statute before it was amended to provide a three judge court in all cases where an injunction was sought, by the action of the plaintiff, if he desired one judge action, in dismissing his prayer for interlocutory injunction. Emphatically, however, the statute does not permit the district judge to pick and choose among the allegations of a complaint and, ignoring those which require the constitution of a three judge court, proceed with the case *as though those allegations had never been in, or had been dismissed from, the complaint.*

As brought and pressed here, without amendment, abandonment, or any departure, plaintiffs' suit was based upon an affirmative declaration that Article 12, Sec. 1 of the Constitution of Louisiana, set out in note, 1, supra, *the statutes of Louisiana passed pursuant thereto and the order of the Board of Supervisors based thereon,* were violative of the Constitution of the United States, and that plaintiff was entitled to injunctive relief therefrom.

Under these circumstances, the district judge, in proceeding alone, exceeded his jurisdiction and invaded the jurisdiction of the statutory three judge court provided by Section 2281 et seq.

Appellees' reliance on our case, Wichita Falls Jr. College Dist. v. Battle, 5 Cir., 204 F.2d 632, 633, will not at all do. That case was not in any view a case for three judges. As was carefully and correctly pointed out in the footnotes to that opinion, Art. 7 of the Constitution of the State of Texas, and Article 2900, Vernon's Annotated Civil Statutes, while providing in the Constitution: "Separate schools shall be provided for the white and colored children", and in the statute, that "all available public school funds of this State shall be apportioned in each county for the education alike of white and colored children"; also provided, "and impartial provision shall be made for both". This being so, it would have been difficult, if not impos-

sible, in the light of Plessy v. Ferguson, 163 U.S. 537, 16 S.Ct. 1138, 41 L.Ed. 256; State of Missouri ex rel. Gaines v. Canada, 305 U.S. 337, 59 S.Ct. 232, 83 L.Ed. 208; Sweatt v. Painter, 339 U. S., 629, 70 S.Ct. 848, 94 L.Ed. 1114, and Gray v. University of Tennessee, D.C., 97 F.Supp. 463, to state a case, short of one attacking segregation per se, which was an attack upon that constitution and that statute as unconstitutional on their face. *In addition, the suit was not brought, as here, to enjoin an order of a state administrative body. On the contrary, the suit was an ordinary suit under the civil rights acts to enjoin practices instituted by the defendants named, under color of state law, which in themselves were violative of plaintiffs' civil rights.*

Further, defendant in its answer alleged: "It is only where there is lack of substantial equality in facilities and opportunities that the Federal Courts will apply the Constitutional law of the United States. There being equal facilities and opportunities provided in Texas for negro and white children separately, no violation exists, and these defendants pray that they be permitted to continue to function under the general educational system established and provided and maintained in part by the State of Texas", and based upon allegations recognizing that equal facilities and opportunities must be furnished both races, the defendants filed a cross action for a declaratory judgment, alleging that they had complied with this requirement.

To this cross action plaintiff filed its answer, and the cause was submitted on a stipulation as to the fact and the issues. This stipulation presented no is-

sues as to the constitutionality of the Constitution and Statutes of the State of Texas, but only "Whether the action of the defendants in pursuing the Constitution and the State Law of Texas is violative of the Constitution of the United States", and "Whether the defendants' conduct in denying to minor plaintiffs the educational facilities in Hardin Junior College solely on account of race and color, while making said facilities available to all non Negro students under the same and similar circumstances and with similar qualifications, is a denial to the plaintiffs rights and privileges protected and guaranteed under the Federal Constitution."

Finally, the defendants in the Battle suit were not state officers and the jurisdictional element essential to the constitution of a three judge court was completely lacking.

We are in no doubt that the suit from which this appeal comes was one for three judges,[4] that the district judge was without jurisdiction to hear and determine the application for injunction, and that the order should be vacated and the cause remanded to the district judge with directions to take further proceedings not inconsistent herewith.[5]

Reversed and remanded.

RIVES Circuit Judge (dissenting).

With considerable deference, I must in good conscience dissent, though respectfully. This case presented, I think, purely a factual question, the decision of which was for the district judge, and commendably he shouldered the responsibility imposed upon him by law.

Section 2281 of Title 28 United States Code, does not require a district court of three judges in every case when request-

**4.** Chapt. 155, Secs. 2281 to 2284, Title 28 U.S.C.; Stratton v. St. Louis Railway Co., 282 U.S. 10, 51 S.Ct. 8, 75 L.Ed. 135; Ex Parte Bransford, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249; Query v. U. S., 316 U.S. 486, 62 S.Ct. 1122, 86 L.Ed. 1616; Hutcheson, "A Case for Three Judges", 47 Harvard Law Review, 795; Sterling v. Constantin, 287 U.S. 378, 53

S.Ct. 190, 77 L.Ed. 375; Wilson v. Board of Supervisors, D.C., 92 F.Supp. 986.

**5.** Query v. U. S., note 4 supra, Phillips v. U. S., 312 U.S. at pages 246, 254, 61 S.Ct. 480, 85 L.Ed. 800; Oklahoma Gas Co. v. Oklahoma Packing Co., 292 U.S. 386, 54 S.Ct. 732, 78 L.Ed. 1318.

ed in a complaint containing the necessary formal averments, but only when it is made to appear that a grant of the application would require the issuance of an injunction restraining the enforcement, operation or execution of a State statute upon the ground that such statute violates the Constitution of the United States. That section provides that such an injunction *"shall not be granted * * * unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."* (Italics supplied.) Under Section 2284, the first judge to take action upon an application for injunction is the district judge to whom the application is presented. His is the first responsibility to determine whether a three-judge court is required. The claim of unconstitutionality must present a substantial federal question. Jameson & Co. v. Morgenthau, 307 U.S. 171, 59 S.Ct. 804, 83 L.Ed. 1189; Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152; Stratton v. St. Louis Southwestern Ry. Co., 282 U.S. 10, 51 S. Ct. 8, 75 L.Ed. 135. If the statute under attack is clearly valid, Independent Gin & Warehouse Co. v. Dunwoody, D.C.Ala., 30 F.2d 306, affirmed 5 Cir., 40 F.2d 1, or if all that is involved is construction rather than unconstitutionality of the statute, Ex parte Hobbs, 280 U.S. 168, 50 S.Ct. 83, 74 L.Ed. 353, Query v. United States, 316 U.S. 486, 62 S.Ct. 1122, 86 L.Ed. 1616, no three-judge court is necessary. If the district judge to whom the application is presented finds no substantial federal question, he may, subject to review, determine that a three-judge court is not required, and proceed with the trial of the case in a regular one-judge district court. Ex parte Poresky, supra; Schermerhorn, Inc. v. Holloman, 10 Cir., 74 F.2d 265. That is what the district judge did in this case, and in my opinion he acted properly. The interlocutory injunction which he granted was not based upon the unconstitutionality of any State statute. As said by Circuit Judge Miller speaking for a three-judge district

court in Gray v. Board of Trustees of University of Tennessee, D.C., 100 F. Supp. 113, 114, 115:

"We are of the opinion that the case is not one for decision by a three-judge court. Title 28 U.S. Code, § 2281, requires the action of a three-judge court only when an injunction is issued restraining the action of any officer of the State upon the ground of the unconstitutionality of such statute. We are of the opinion that the case presents a question of alleged discrimination on the part of the defendants against the plaintiffs under the equal protection clause of the 14th Amendment, rather than the unconstitutionality of the statutory law of Tennessee requiring segregation in education. As such, it is one for decision by the District Judge instead of by a three-judge court."

Basically, the "State statute" involved in this case is Article XII, Section 1 of the Constitution of Louisiana. That clearly appears from a reading of paragraphs 7, 8, and 13 of the complaint quoted in Footnote 1 of the majority opinion. The "order" referred to in paragraph 8 is claimed to be authorized by that provision of the State Constitution, and if it is found to be contrary thereto, then the "order" falls under the State Constitution without any necessity for resorting to the Federal Constitution. The pertinent provision of the Constitution of Louisiana reads as follows: "Separate free public schools shall be maintained for the education of white and colored children between the ages of six and eighteen years".

The complaint in this case did not challenge segregation per se. It was framed upon the assumption that, under the present state of the law, segregation is valid if equal facilities are provided. Plessy v. Ferguson, 163 U.S. 537, 16 S.Ct. 1138, 41 L.Ed. 256. Instead, the complaint charged that the facilities provided were unequal and such as to discriminate against the plaintiff on account of his race or color in violation of

the equal protection clause of the Fourteenth Amendment.

The quoted provision of the State Constitution has never been construed by the Supreme Court of Louisiana to require segregation in the public schools if unequal facilities are provided. It could not be so construed and remain valid under the Federal Constitution. As said in Missouri ex rel Gaines v. Canada, 305 U.S. 337, 349, 59 S.Ct. 232, 236, 83 L.Ed. 208, "The admissibility of laws separating the races in the enjoyment of privileges afforded by the State rests wholly upon the equality of the privileges which the laws give to the separated groups within the State." No proposition of law is more firmly settled than that the federal court should not assume, in advance of decision by the state court of last resort, that that court will place such a construction upon a statute as will render it obnoxious to the Federal Constitution. Utah Power & Light Co. v. Pfost, 286 U.S. 165, 186, 52 S.Ct. 548, 76 L.Ed. 1038; Arizona Copper Co. v. Hammer, 250 U.S. 400, 430, 39 S.Ct. 553, 63 L.Ed. 1058; Pelton v. Commercial National Bank, 101 U.S. 143, 25 L.Ed. 901. Indeed an authoritative construction of the provision of the Louisiana Constitution by the Supreme Court of that State would be necessary before a three-judge district court could proceed with a suit to enjoin its enforcement and execution as violative of the Constitution of the United States. Shipman v. DuPre, 339 U.S. 321, 70 S.Ct. 640, 94 L.Ed. 877; cf. 28 U.S.C. § 2284(5).

What does the Louisiana Constitution mean when it says that "Separate free public schools shall be maintained"? Are not the "public schools" referred to the only kind that would be lawful and constitutional, that is those furnishing equal facilities? It seems to me that the majority of this Court must assume that the Supreme Court of Louisiana will not so construe the State Constitutional provision. The learned district judge, himself a distinguished Louisiana lawyer, assumed that the State Constitution would be given that reasonable construction of which it was susceptible so as not to be violative of the Federal Constitution. I think the district judge was right.

The majority say that our recent decision of Wichita Falls Junior College District v. Battle, 204 F.2d 632, 634, can be distinguished on the facts. There would be no point in my arguing about the facts of that case, for the law as there announced is directly applicable here, and that law is fully supported by the Supreme Court decisions cited. A quotation from that case leaves me nothing further to say:

"There is no necessity for deciding the constitutionality of any provision of Texas law in determining the fact issues which this case presents. Sweatt v. Painter, 339 U.S. 629, 70 S.Ct. 848, 94 L.Ed. 1114; Rescue Army v. Municipal Court, 331 U.S. 549, 568–574, 67 S.Ct. 1409, 91 L.Ed. 1666. In Sweatt v. Painter, supra, the issue, as here, related to the extent to which the Equal Protection Clause of the Fourteenth Amendment limits the power of a State to distinguish between students of different races in a State-supported educational institution, and in disposing of this issue the court expressly pointed out that it was eliminating from the case the question of constitutionality of the State law which restricts admission to the University of Texas to white students. Other decisions of the Supreme Court are in accord. McLaurin v. Oklahoma State Regents, 339 U.S. 637, 70 S.Ct. 851, 94 L.Ed. 1149; Sipuel v. Board of Regents, 332 U.S. 631, 68 S.Ct. 299, 92 L.Ed. 247; Missouri ex rel. Gaines v. Canada, 305 U.S. 337, 59 S.Ct. 232, 83 L.Ed. 208. Therefore, the question for decision is merely whether the policies, usages and customs of the appellants actually do discriminate against the appellees on account of their race and color in violation of the aforesaid Equal Pro-

tection Clause. Such an issue is a factual one and obviously does not address itself to a three-judge court. Rescue Army v. Municipal Court, supra; Ex parte Bransford, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249; Ex parte Collins, 277 U.S. 565, 48 S.Ct. 585, 72 L.Ed. 990; Beal v. Holcombe, 5 Cir., 193 F.2d 384." Wichita Falls Junior College Dist. v. Battle, 204 F.2d 632, 634, 635.

I therefore, respectfully dissent.