Autherine J. LUCY et al., Plaintiffs,

v.

William F. ADAMS, Defendant.

No. 652.

United States District Court
N. D. Alabama, W. D.

Aug. 26, 1955.

Arthur D. Shores, Birmingham, Ala., Thurgood Marshall and Robert L. Carter, New York City, for plaintiff.

Frontis H. Moore, Andrew J. Thomas and Burr, McKamy, Moore & Tate, Birmingham, Ala., for defendant.

GROOMS, District Judge.

This is an action brought by the plaintiffs for themselves and all other Negroes similarly situated for a declaratory judgment and an injunction. The suit is against William F. Adams, who is the Dean of Admissions of the University of Alabama. Plaintiffs charge that the defendant has denied them the equal protection of the laws guaranteed to them under the Fourteenth Amendment to the

Constitution of the United States, in that he has refused to admit them to the University of Alabama on account of their race and color.

### Findings of Fact

The plaintiffs are citizens of Jefferson County, Alabama. Plaintiff Lucy attended Linden Academy at Linden, Alabama, from which institution she graduated in 1947. Plaintiff Myers attended Ullman and Parker High Schools in Birmingham, Alabama. She graduated from the latter institution in 1949. Plaintiffs graduated from Miles College in Birmingham, in May, 1952.

On September 4, 1952, plaintiffs by separate letters wrote the Dean of Admissions at the University of Alabama, stating that they were interested in attending the University and requesting application blanks. In the letter written by the plaintiff, Polly Ann Myers, it was stated that she was interested in attending the University of Alabama to specialize in Library Science; while in the letter written by the plaintiff, Autherine J. Lucy, it was stated that she was interested in attending the University of Alabama to study journalism. On the following day the defendant replied, enclosing the necessary forms for admission. On that date the Assistant Dean of Women wrote the plaintiffs advising them of the facilities available at the University and stating that a check or a money order for $5 was required as a deposit for room reservation. Upon receipt of this information plaintiffs each forwarded their deposits. These deposits were acknowledged by a letter dated September 10, 1952, receipts for same were enclosed, and plaintiffs were advised they were assigned to Adams-Parker dormitory. On September 13, 1952, President Gallalee wrote the plaintiffs that Dean Adams had advised him that they were coming to the University and that he wished to assure them that they would be welcome on the campus.

Plaintiffs mailed their applications and transcripts of credits to the Dean of Admissions on September 17. These were received by Dean Adams on the afternoon of the 19th. Plaintiff Myers' application recites that she desired to register in the College of Arts and Science, majoring in Journalism, and that she planned to complete her work for the degrees of B. A. and M. A. at the University. Plaintiff Lucy's application recites that she desired to enter the College of Education, majoring in Library Service, and that she intended to complete her work for the degrees of B. S. and M. S.

On the morning of September 20, plaintiffs appeared at the offices of the Dean. There is a dispute in the evidence as to the exact conversation that occurred. It is undisputed, however, that defendant tendered to each of the plaintiffs her room deposit and advised them the courses which they sought were available at Alabama State College in Montgomery. Their applications were rejected at that time. By letter of September 24, 1952, plaintiffs, through their attorney, appealed to President Gallalee for admission to the University. Dr. Gallalee did not accept their applications for admission but contacted a party in Birmingham and asked him to intervene with the attorney in an attempt to persuade the plaintiffs to withdraw their applications and seek admission to the Alabama State College and Tuskegee Institute, both of which are Negro institutions. The attorney appealed to Governor Persons, President ex-Officio of the Board of Trustees. Governor Persons placed the applications before the Board at its annual meeting on June 1, 1953. On June 6, 1953, Mr. Bealle, Secretary of the Board, wrote the attorney, stating:

"* * * Much careful consideration was given to this matter by the Board but no final action was taken. The Board directed me to advise you, as attorney for the applicants, of its consideration of this matter and of its action deferring final action pending receipt of a court decision concerning litigation now before the Supreme Court of the United States.

"The Board has also directed me to point out to you that there are courses in journalism and library science given at Alabama State College at Montgomery, or at Tuskegee Institute, which are available to your clients and to suggest that they make application for admission to those institutions."

On the occasion that the applications were considered by Dr. Gallalee and the Board of Trustees, neither Dr. Gallalee nor the Board took any steps to deny the applications on the ground that the plaintiffs did not possess the requisite scholastic requirements for admission.

The evidence fails to disclose that there is a written policy or rule of the University denying admission to prospective students to that institution solely on the ground of race or color. However, other Negroes have made applications for admission. There is no evidence that any one of them has ever been admitted. On the other hand, during the month of August, 1950, a Negro by the name of W. H. Hollins applied for admission to the Law School. The defendant furnished him an application, but the accompanying letter stated that the State had provided machinery "through the State Department of Education to assist colored students who desired to engage in the study of law to obtain opportunities for entering high grade institutions located elsewhere *which accept colored students.*" Defendant concluded his letter by stating that "We hope you can persuade yourself not to file your application for admission here."

As late as May 31, 1955, one Agnes Studenmire wrote Dr. Carmichael, President, stating she was desirous of taking some courses at the University Extension Center in Birmingham; that she was a Negro and would like to know whether or not the policy had changed for the admission of Negroes so that she might be accepted as a student. Dr. Carmichael replied to this letter, advising her that "the admission requirements of the University of Alabama have not changed in recent months."

The University has a Department of Journalism in the College of Arts and Science and offers courses in that department. It also offers courses in School Library Services in its College of Education.

The evidence reveals that the defendant is vested with authority to receive or reject applications for admission to the University. If an application is rejected, the applicant may appeal his decision.

### Conclusions of Law

The Court concludes as follows:

1. The Court has jurisdiction of the parties and the subject matter of this action. Title 28 U.S.C.A. §§ 2201 and 1343.

2. This suit arises under the Constitution and Laws of the United States and seeks redress for the deprivation of civil rights guaranteed by the Fourteenth Amendment. Title 42 U.S.C.A. §§ 1983 and 1985.

3. Determination of the issues does not require a determination of the validity of any constitutional or statutory provision of Alabama under the Fourteenth Amendment. Wichita Falls Junior College District v. Battle, 5 Cir., 204 F.2d 632.

4. This action is properly brought as a class action under Rule 23(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., Wilson v. Board of Supervisors, D.C.E.D.La., 92 F.Supp. 986; Constantine v. Southwestern Louisiana Institute, D.C.W.D.La., 120 F.Supp. 417; Jinks v. Hodge, D.C.E.D.Tenn., 11 F.R.D. 346; Beal v. Holcombe, 5 Cir., 193 F.2d 384; see also Brown v. Board of Education, 347 U.S. 483, 495, 74 S.Ct. 686, 98 L.Ed. 873. Brown v. Board of Trustees of LaGrange Independent Schools, 5 Cir., 187 F.2d 20, is distinguishable in that the plaintiff in that case wholly failed to plead or prove any deprivation of his personal rights. There the plaintiff appeared to be a

mere volunteer. Where a person is able to establish his right to individual relief,

"* * * he may also under certain conditions ask that the benefit of that adjudication be extended to others, where they constitute a class standing generally in the same legal situation, where they are so numerous as to make it impracticable to bring them all before the court, and where the granting of such relief seems likely to serve some useful legal purpose—for example, preventing a multiplicity of suits.

"Violations of the Fourteenth Amendment are of course violations of individual or personal rights, but where they are committed on a class basis or as a group policy, such as a discrimination generally because of race, they are no less entitled to be made the subject of class actions and class adjudication under rule 23, Federal Rules of Civil Procedure, 28 U.S.C.A., than are other several rights. * * *" Kansas City, Mo., v. Williams, 8 Cir., 205 F.2d 47, at pages 51–52.

■ 5. There is no written policy or rule excluding prospective students from admission to the University on account of race or color. However, there is a tacit policy to that effect. Defendant Adams has pursued such policy in denying applications for admission.

■ 6. Plaintiffs were denied admission to the University of Alabama solely on account of their race and color. In conformity with the equal protection clause of the Fourteenth Amendment, plaintiffs and others similarly situated are entitled to equal advantages and opportunities available at the University of Alabama at the same time and upon the same terms and qualifications available to other residents and citizens of the State of Alabama. State of Missouri ex rel. Gaines v. Canada, Registrar of the University of Missouri, 305 U.S. 337, 59 S.Ct. 232, 83 L.Ed. 208; Sipuel v. Board of Regents of the University of Oklahoma, 332 U.S. 631, 68 S.Ct. 299, 92 L.Ed. 247; Sweatt v. Painter, 339 U.S. 629, 70 S.Ct. 848, 94 L.Ed. 1114; McLaurin v. Oklahoma State Regents for Higher Education, 339 U.S. 637, 70 S. Ct. 851, 94 L.Ed. 1149; Brown v. Board of Education, supra; Bruce v. Stilwell, 5 Cir., 206 F.2d 554; McKissick v. Carmichael, 4 Cir., 187 F.2d 949; Wichita Falls Junior College District v. Battle, supra; Wilson v. Board of Supervisors, supra; Constantine v. Southwestern Louisiana Institute, supra.

■ 7. Plaintiffs are entitled to a decree enjoining the defendant, William F. Adams, his servants, agents, assistants and employees, and those who might aid, abet, and act in concert with him, from denying the plaintiffs and others similarly situated the right to enroll in the University of Alabama and pursue courses of study thereat, solely on account of their race and color.

A decree will, accordingly, be entered for the plaintiffs.