Richard B. HENRY, Appellant,

v.

GREENVILLE AIRPORT COMMISSION; O. L. Andrews, Manager, Greenville Municipal Airport; Olin H. Spann, Chairman, Greenville Airport Commission, and Charles E. Robinson, Jr., Aug. W. Smith, Edward McCrady, William B. Coxe, Members of the Greenville Airport Commission, Appellees.

No. 8247.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 21, 1960.

Decided Dec. 1, 1960.

Jack Greenberg, New York City (Lincoln C. Jenkins, Jr., Columbia, S. C., and Thurgood Marshall, New York City, on brief), for appellant.

Theodore A. Snyder, Jr., Greenville, S. C. (Thomas A. Wofford, W. H. Arnold, and Love, Thornton & Arnold, Greenville, S. C., on brief), for appellees.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

## PER CURIAM.

This suit was filed in the District Court on January 24, 1959, to secure an interlocutory and a permanent injunction restraining the Greenville Airport Commission, its members, and the manager of the Greenville Airport from making any distinction based upon color in regard to service to the traveling public. The plaintiff is a citizen of the United States and a civil service employee of the United States Air Force at Selfridge Air Force Base, Michigan, who is required to travel in various parts of the country in the performance of his duties. In November 1958, having secured a ticket on a commercial airline for passage from Greenville, South Carolina, to Michigan he seated himself in a waiting room at the airport to await the departure of his plane but was required to move to another waiting room maintained by the Greenville Airport Commission for Negro travelers. He brought this suit on behalf of himself and all other Negroes similarly situated to restrain this practice.

On July 20, 1959, the case came on for hearing in the District Court on plaintiff's motion for preliminary injunction and a motion of the defendants to dismiss the complaint and on September 8, 1959, 175 F.Supp. 343, the court denied the plaintiff's motion and granted that of the defendants. On appeal this action of the District Court was reversed by an opinion rendered on April 20, 1960, 279 F.2d 751. We held that the complaint fairly alleges that the Greenville Airport Commission maintains a separate waiting room for Negroes and thereby requires them to be segregated, and that this action was taken by the Commission as an agency of the State created by the General Assembly of South Carolina and is therefore prohibited by the provisions of the Fourteenth Amendment. The cause was remanded for further proceedings including a prompt hearing upon the motion for preliminary injunction if that motion should be renewed.

On September 14, 1960, a hearing was had in the District Court on the motion for interlocutory injunction to which answers to interrogatories, affidavits, and testimony of witnesses given in open court were considered. This evidence clearly showed that the Commission maintains separate areas for white and colored passengers at the airport and that colored passengers are not permitted to use the area reserved for the white passengers. This testimony was not denied, although the manager of the airport was present during the hearing. Nevertheless the motion for interlocutory injunction was denied on October 19, 1960, on the ground that the plaintiff has failed to show that he will suffer irreparable damage if the preliminary injunction is denied and on the further ground that the injunction would not maintain the status quo but change it.

This action cannot be sustained. The District Court has no discretion to deny relief by preliminary injunction to a person who clearly establishes by undisputed evidence that he is being denied a constitutional right. See Clemons v. Board of Education, 6 Cir., 228 F.2d 853, 857; Board of Supervisors of Louisiana State University, etc. v. Wilson, 340 U.S. 909, 71 S.Ct. 294, 95 L.Ed. 657, affirming D.C., 92 F.Supp. 986; Morgan v. Com. of Virginia, 328 U.S. 373, 66 S. Ct. 1050, 90 L.Ed. 1317. The order of the District Court will therefore be reversed with direction to grant the preliminary injunction prayed for pending the final disposition of the case.

Reversed and remanded.