426

IDLEWILD BON VOYAGE LIQUOR
CORPORATION, Plaintiff-
Appellant,

v.

Thomas E. ROHAN, Martin C. Epstein,
William H. Morgan, Grant F. Daniels
and Samuel M. Birnbaum, being the
Chairman, Members and Commission-
ers of the State Liquor Authority of
the State of New York, Defendants-Ap-
pellees.

Docket 26654.

United States Court of Appeals
Second Circuit.

Motions Argued Feb. 6, 1961.

Decided April 14, 1961.

Lumbard, Chief Judge, dissented.

ports or exports. U.S.Const. art. 1, § 8, cls. 1, 3.

Plaintiff applied to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 2281, 2284, for the convening of a three-judge court to hear and determine the controversy. The single-judge district court issued an order directing the defendants to show cause before a three-judge district court why the relief sought by the plaintiff should not be granted. Before the order to show cause came on to be heard defendants moved to dismiss the complaint. It would appear that the application for the impaneling of a three-judge district court, the order to show cause, and the motion to dismiss were simultaneously heard by Judge Bicks, who denied the application for a three-judge district court, and, in effect, granted defendants' motion to dismiss (1960, 188 F.Supp. 434). The ground for Judge Bicks' action was that no state court had passed upon the constitutional issues raised, and he was of the opinion that the federal courts should abstain from doing so until there had been state adjudication. Implicit in this disposition and opinion is a finding that a substantial federal question existed which could properly be considered by a three-judge district court after some intervening state adjudication. Plaintiff was given leave to renew its motion after a state court had ruled—whenever there should be such a ruling. It should be noted that no state court action involving these parties or these issues was pending at the time.

From this decision and order, Idlewild Bon Voyage Liquor Corporation v. Rohan, D.C.S.D.N.Y.1960, 188 F.Supp. 434 plaintiff filed a notice of appeal, and thereafter plaintiff obtained an order to show cause why defendants should not be enjoined and restrained from interfering with plaintiff's business during the pendency thereof. It also sought to quash an administrative subpoena *duces tecum* the defendants issued under the authority of

Kelly & Schwartz, New York City (Breed, Abbott & Morgan, Charles H. Tuttle, John F. Kelly, Stoddard B. Colby, Stuart H. Johnson, Jr., New York City, of counsel), for plaintiff-appellant.

Louis J. Lefkowitz, Atty. Gen., of the State of New York (Philip Watson, Asst. Atty. Gen., of counsel), for defendants-appellees.

Before LUMBARD, Chief Judge, MADDEN, Judge, United States Court of Claims,* and WATERMAN, Circuit Judge.

WATERMAN, Circuit Judge.

Plaintiff filed a complaint against the defendants, members of the State Liquor Authority of the State of New York. It sought declaratory and injunctive relief from actions taken by them pursuant to the New York Alcoholic Beverage Control Law of the State of New York § 3, subd. 28, §§ 62 and 100. Plaintiff alleges that defendants' activities were unconstitutional under the U. S. Constitution, being repugnant to (a) the commerce clause, and (b) the clause that prohibits a state, without the consent of Congress, from laying any imposts or duties on im-

* Sitting by designation.

the New York State Beverage Control Law to appear before defendants with its books and renewed its application for the impaneling of a three-judge district court. Judge Dimock, after a hearing, granted the motion for the interlocutory injunction pending the appeal; denied the motion to quash; and, relying upon Judge Bicks' decision, refused to impanel a three-judge district court. Appellant appeals to us from the rulings adverse to it entered by both judges. Defendants-appellees have now moved for an order dismissing both appeals on the ground that we lack jurisdiction to hear them.

We are of the opinion that we must grant appellees' motion and are required to dismiss these appeals for lack of appellate jurisdiction.

### I—The Order of Judge Bicks

■ This order denied the petition to convene a three-judge district court because there had been no prior state adjudication of the issues. The judge relied upon the doctrine of "equitable abstention" originally set forth in Railroad Commission of Texas v. Pullman Co., 1941, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 "that the federal courts should not adjudicate the constitutionality of state enactments fairly open to interpretation until the state courts have been afforded a reasonable opportunity to pass upon them." [1] There was, however, as we have previously pointed out, no state action pending. Judge Bicks "retained jurisdiction" of the litigation pending state court adjudication. Appellees' argument that this order was not final and hence unappealable under 28 U.S.C. §§ 1291, 1292 is not well taken. No parallel state actions were pending and there was no state adjudication to await. There was nothing left to be done in the federal courts because the action there had been for all intents and purposes concluded. Appellant was effectively out of court— any action upon its prayer for injunctive relief was indefinitely postponed under these circumstances. There is no bar on

this ground to appealability. See Glen Oaks Utilities, Inc. v. City of Houston, 5 Cir., 1960, 280 F.2d 330.

■■ However, the order of Judge Bicks had the effect of dismissing a complaint challenging the constitutionality under the Federal Constitution of a state statute and challenging it because of the way that statute was being applied by the regulatory commission created by it. Stratton v. St. Louis S. W. Ry., 1930, 282 U.S. 10, 51 S.Ct. 8, 75 L.Ed. 135 in clear and unequivocal terms declared that the three-judge district court was meant to be the tribunal to deal with constitutional challenges to state activity. And, recently, in Florida Lime & Avocado Growers v. Jacobsen, 1960, 362 U.S. 73, 80 S.Ct. 568, 4 L.Ed.2d 568 the Court reaffirmed this position by holding that even where state activity was challenged on both constitutional and nonconstitutional grounds a three-judge district court was the proper tribunal. In Stratton the Court said that, since this was so, the district judge to whom an application was made for injunctive relief from the state activity was required to convene a three-judge district court. The Court held that if he failed to do so and dismissed the application on its merits the proper remedy was a writ of mandamus from the Supreme Court (see e. g., Ex parte Bransford, 1940, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249), for a Court of Appeals would have no jurisdiction over any matter properly entertainable by a three-judge district court. Of course, strict adherence to the Stratton command creates obvious difficulties, for whenever there is a pleader's allegation of a constitutional infirmity a single judge is required to request that a three-judge district court be convened. To deal with this problem a procedure has been developed whereby the district judge to whom the application is made is charged with making a preliminary determination as to whether a "substantial federal question" exists that necessitates the convening of a three-judge district

1. Harrison v. N. A. A. C. P., 360 U.S. 167, at pages 176–177, 79 S.Ct. 1025, at page 1030, 3 L.Ed.2d 1152. And see Note, 59 Colum.L.Rev. 749 (1959).

court.[2] Judge Friendly, for our court, in Bell v. Waterfront Commission of New York Harbor, 2 Cir., 1960, 279 F.2d 853, traces the development of this procedure, and that case holds that an appeal from a determination that no such substantial federal question exists is properly preferred to the Court of Appeals. Accord, Stuart v. Wilson, 5 Cir., 1960, 282 F.2d 539; Wicks v. Southern Pacific Co., 9 Cir., 1956, 231 F.2d 130.

The equitable abstention doctrine referred to by us in this opinion was recently carefully articulated in Harrison v. N. A. A. C. P., 1959, 360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152, where the Supreme Court remanded a cause for state consideration. The Court reasoned that in order for a federal court to give proper consideration to the issue of constitutionality it should have a finished product before it, i. e., not only the state legislative act but also that act as construed by the state courts. At the same term, in a later opinion, the Court pointed out that a reference of this sort to a state court should not be an automatic reference, N. A. A. C. P. v. Bennett, 1959, 360 U.S. 471, 79 S.Ct. 1192, 3 L.Ed.2d 1375. Moreover, there was no indication that the choice of whether to abstain could be the choice of a single district judge. In Bennett the appeal was from and the remand was to a three-judge district court.

■ The decision to abstain is a very different decision from the preliminary one of determining whether the case involves a substantial federal question. Such a determination, not being automatic, presupposes that the court has jurisdiction to decide the controversy even though it may, after due consideration, choose to surrender temporarily its power to decide. Inasmuch as Stratton has made it clear that only a three-judge district court has the requisite jurisdic-

tion to decide a complaint seeking injunctive relief from acts sought to be justified by reliance upon a state statute because the statute, so applied, is repugnant to the federal constitution,[3] we are of the opinion that the determination of whether a federal court ought to abstain is a determination that may only be made in the first instance by a three-judge district court.[4]

Stratton v. St. Louis S. W. Ry., supra, is undeniable authority for the proposition that no appeal may be preferred to a court of appeals from an action taken by a district judge upon an application to convene a three-judge district court unless there first was jurisdiction in the district court over the subject matter ruled upon. Having decided that Judge Bicks had no jurisdiction to proceed as he did, we must conclude from Stratton that we have no jurisdiction to entertain an appeal from his decision. To be sure, this result leaves us in a somewhat anomalous position. A court of appeals as a matter of course entertains appeals that claim a lack of jurisdiction in a district court and a court of appeals so importuned has jurisdiction to determine whether the district court's powers, so challenged, were exercised within district court jurisdiction. Anomalous as our position is, we feel bound by the Supreme Court's opinion in Stratton, an opinion which that Court has never seen fit to reverse, and to which it has given its approval when construing a companion section, 28 U.S.C. § 2282. Ex parte Cogdell, 1951, 342 U.S. 163, 72 S.Ct. 196, 96 L.Ed. 181.

In Bell v. Waterfront Commission of New York Harbor, supra, we first found that the district court could determine the preliminary question of whether there was a substantial federal question to be adjudicated upon, and therefore the court of appeals had jurisdiction to

---

2. As previously indicated, a finding that a substantial federal question existed was implicit in Judge Bicks' decision.

3. Accord, Query v. United States, 1942, 316 U.S. 486, 62 S.Ct. 1122, 86 L.Ed. 1616.

4. See Alabama Public Service Comm. v. Southern Ry., 1951, 341 U.S. 341, 350, 71 S.Ct. 762, 95 L.Ed. 1002. Contra, Chicago, Duluth & Georgian Bay Transit Co. v. Nims, 6 Cir., 1958, 252 F.2d 317, at page 320.

review that preliminary determination. Though the result we reach here of denying to a one-judge district court, and to ourselves, the power similarly to determine a jurisdictional question, the jurisdictional question itself is a quite dissimilar one,[5] and in determining the issue before us we are constrained to follow Stratton. Therefore, since we are of the opinion that a three-judge district court should have been convened, it is our duty to grant the motion to dismiss. Accord, Chicago, Duluth & Georgian Bay Transit Co. v. Nims, 6 Cir., 1958, 252 F.2d 317, 319.

## II—The Order of Judge Dimock

■ Falsone v. United States, 5 Cir., 205 F.2d 734, certiorari denied 1953, 346 U.S. 864, 74 S.Ct. 103, 98 L.Ed. 375, held that the denial of a motion to quash a subpoena of an administrative agency, unconnected with litigation, is a final order and therefore appealable. In In re Albert Lindley Lee Memorial Hospital, 2 Cir., 1953, 209 F.2d 122, certiorari denied sub nom. Cincotta v. United States, 1954, 347 U.S. 960, 74 S.Ct. 709, 98 L.Ed. 1104, this court expressly followed the Falsone case. There would appear, therefore, under ordinary circumstances to be no doubt as to the appealability of an order denying a motion to quash. However, the order before us on appeal was sought below on the ground that the issuance of the subpoena was repugnant to the federal constitution. In such a situation 28 U.S.C. § 2281 requires that a three-judge district court be convened if a substantial federal question exists. Bell v. Waterfront Commission of New York Harbor, supra. Therefore, though the issue is a different one from the one before Judge Bicks, in considering whether we may entertain the purported appeal we must hold that inasmuch as Judge Dimock exercised power properly exercisable only by a three-judge district court we have no jurisdiction to hear an appeal from his order. This result is required under the Stratton doctrine.

The refusal by Judge Dimock to request that a three-judge district court be convened is, of course, subject to the same infirmity that Judge Bicks' refusal was. This order was but a reaffirmation of the earlier decision.

■ Also, the stay pending appeal granted by Judge Dimock is not an appealable order. It enjoined state activities allegedly repugnant to the federal constitution, and such an injunction was properly issuable only by a three-judge district court.

The results we reach are unhappy ones. We are refusing access to our court to a party who we believe is entitled to relief. However, as we understand Stratton, the Supreme Court has determined that we are not the proper tribunal to adjudicate the issues raised by the purported appeals.

Appeals dismissed.

LUMBARD, Chief Judge (dissenting).

Agreeing with my brethren that the orders made by Judges Bicks and Dimock are of the sort which are ordinarily appealable,[1] I would deny the motion to dismiss and would hear the appeals to decide first whether the single district judges had jurisdiction to act as they did and then proceed, if it is found that they did have jurisdiction, to consider the merits.

The appellees argue here, and my brethren agree with them, that even if these orders are appealable in form, no review of the merits may be made by this court. Since an injunction restraining the enforcement of a state statute on the ground that it violates the federal Con-

5. See Board of Supervisors of Louisiana State University etc. v. Turead, 5 Cir., 1953, 207 F.2d 807, judgment vacated on other grounds and cause remanded, 1954, 347 U.S. 971, 74 S.Ct. 784, 98 L.Ed. 1112.

1. See, in addition to the Glen Oaks Utilities case cited in the majority opinion, N. A. A. C. P. v. Bennett, 1959, 360 U.S. 471, 79 S.Ct. 1192, 3 L.Ed.2d 1375, where, on appeal from an order of a three-judge court retaining jurisdiction, the Supreme Court considered the merits without discussing the issue of appealability.

stitution may be issued only by a three-judge court, 28 U.S.C. § 2281, the appellees contend that the single district judge had no jurisdiction to entertain the application, and that this lack of jurisdiction may be attacked only by way of mandamus in the Supreme Court. The appellees, who thus find themselves in the odd posture of urging upon this court lack of jurisdiction in the district court in order to preserve for their benefit the very order which they claim was entered without jurisdiction, cite dictum in Stratton v. St. Louis S. W. Ry., 1930, 282 U.S. 10, 51 S.Ct. 8, 75 L.Ed. 135, in support of their position.[2]

It is clear beyond any doubt that if a district judge, without entering an appealable order, rules that he, sitting alone, will hear a request for an injunction restraining the enforcement of a state statute, the appropriate remedy for a party requesting a three-judge court is by writ of mandamus in the Supreme Court. E. g., Ex parte Bransford, 1940, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249; see Robertson & Kirkham, Jurisdiction of the Supreme Court of the United States, 360 (1951 ed.) and authorities there cited. A court of appeals would not then have appellate jurisdiction under 28 U.S.C. §§ 1291, 1292. Nor would it be proper for a court of appeals itself to enter a writ of mandamus since the courts of appeal have no appellate jurisdiction over cases decided by three-judge district courts and could not, therefore, satisfy the requirement of 28 U.S.C. § 1651 that such writs may issue only "in aid of their * * *

jurisdictions." See Roche v. Evaporated Milk Ass'n, 1943, 319 U.S. 21, 25, 63 S.Ct. 938, 87 L.Ed. 1185.

In this case, however, the district court has proceeded to enter orders which meet the standards for appellate review prescribed by 28 U.S.C. §§ 1291, 1292. The appellees urge that nonetheless this court should dismiss the appeals for lack of jurisdiction and leave the appellant with its remedy of mandamus in the Supreme Court. If, in fact, the district judges exceeded their jurisdiction in entering the orders before us on appeal, we would surely be barred from considering the merits underlying their decisions. 28 U.S.C. § 1253 directs that in "any civil action, suit or proceeding required by any Act of Congress to be heard and determined by a district court of three judges" an appeal may be taken from a denial of an interlocutory or permanent injunction directly to the Supreme Court. But I think we have the jurisdiction and the statutory obligation to hear this appeal and first decide whether the orders did exceed the jurisdiction of district judges sitting alone in the district court, and whether the suit was of the kind which should have been presented to a district court of three judges. Diggs v. Pennsylvania Public Utilities Commission, 3 Cir., 1950, 180 F.2d 623, 629.

If we hold that Judge Bicks was required to impanel a three-judge court, we must vacate his order and that of Judge Dimock for lack of jurisdiction, and we can go no further. Two Guys From Harrison-Allentown, Inc. v. McGinley, 3

---

2. "If a single judge, thus acting without jurisdiction, undertakes to enter an order granting an interlocutory injunction or a final decree, either dismissing the bill on the merits or granting a permanent injunction, no appeal lies from such an order or decree to this Court, as the statute plainly contemplates such a direct appeal only in the case of an order or decree entered by a court composed of three judges in accordance with the statutory requirement. Nor does an appeal lie to the Circuit Court of Appeals from an order or decree thus entered by a District Judge without authority, for to sustain a review upon such an appeal

would defeat the purpose of the statute by substituting a decree by a single judge and an appeal to the Circuit Court of Appeals for a decree by three judges and a direct appeal to this Court.

"Accordingly, where a court of three judges should have been convened, and was not, this Court may issue a writ of mandamus to vacate the order or decree entered by the District Judge and directing him, or such other judge as may entertain the proceeding, to call to his aid two other judges for the hearing and determination of the application for an interlocutory injunction." 282 U.S. at pages 15–16, 51 S.Ct. at page 10.

Cir., 1959, 266 F.2d 427, 433; Board of Supervisors of Louisiana State University, etc. v. Tureaud, 5 Cir., 1953, 207 F.2d 807. But see Chicago, Duluth & Georgian Bay Transit Co. v. Nims, 6 Cir., 1958, 252 F.2d 317; Waddell v. Chicago Land Clearance Commission, 7 Cir., 1953, 206 F.2d 748. If, on the other hand, we hold that the issues before the district judges were not for a three-judge court either because the challenge to the state statute was not of the type comprehended by 28 U.S.C. § 2281 or because the question of "equitable abstention" is analogous to the threshold jurisdictional determination of a substantial federal question, which is to be decided by the single district judge and reviewed by the court of appeals, Bell v. Waterfront Commission, 2 Cir., 1960, 279 F.2d 853, we should proceed to the merits as we would in any other case in which the jurisdiction of a district judge is attacked and is upheld. Cf. Query v. United States, 4 Cir., 1941, 121 F.2d 631, vacated on other grounds, 1942, 316 U.S. 486, 62 S.Ct. 1122, 86 L.Ed. 1616; Capital Service, Inc. v. United States District Court, 9 Cir., 1952, 198 F.2d 18.

Jurisdictional questions are surely not beyond the scope of this court's authority. We are often called upon to decide whether diversity jurisdiction was properly exercised by a district court, although in deciding that it was not we must vacate the decision below and oust ourselves of jurisdiction to go any further. Underlying the majority's opinion is the assumption that matters which should be considered only by a three-judge court and by the Supreme Court should not be presented to this court—that supervision over three-judge panels should rest with the Supreme Court only. But even when the issue is whether a case was one as to which original jurisdiction lay exclusively with the Supreme Court, courts of appeal have passed on the jurisdictional issue after a final order was entered and have not required the parties to seek relief by way of mandamus in the Supreme Court. See United States v. State of Washington, 9 Cir., 1956, 233 F.2d 811;

Farnsworth v. Sanford, 5 Cir., 1940, 115 F.2d 375, certiorari denied, 1941, 313 U.S. 586, 61 S.Ct. 1109, 85 L.Ed. 1541.

If we were now to decide the jurisdictional question the Supreme Court could, of course, review our determination on certiorari or even by a writ of mandamus. The majority's view, however, imposes on the federal courts a procedure of piecemeal review whereby a court of appeals is always forced to stay its hand whenever an appellant or appellee argues to it that the decision below should have been made by a three-judge court. No matter how worthless such a claim may be, we would not be able to dispose of it on an appeal from a final order but would have to await a decision on a petition for mandamus in the Supreme Court. Only after the Supreme Court decided the jurisdictional question might we be permitted to consider the merits, and the merits would not be ripe for Supreme Court review until we had passed upon them on remand. I cannot believe that the authority of the Supreme Court over three-judge tribunals was intended to extend so far as to preclude us from deciding the jurisdictional issue when a district judge enters an order that is otherwise appealable under 28 U.S.C. §§ 1291, 1292, and thereby to impose on the parties a procedure calling for separate appellate consideration of the jurisdictional and substantive questions.

It is true that the dictum in the Stratton case, supra, appears to indicate that even after an appealable order is entered by the district court, the only means of vacating it is by mandamus in the Supreme Court. But it seems to me that the Supreme Court in Stratton was concerned with the effects of appellate review of the *merits* of an unauthorized order entered by a single district judge and did not proscribe ordinary review of matters going to the *jurisdiction* of the single district judge if his order is otherwise appealable. See Hart & Wechsler, The Federal Courts and the Federal System 853 (1953).

For these reasons I would deny the motion to dismiss.