**IDLEWILD BON VOYAGE LIQUOR CORPORATION, Plaintiff**

v.

**Thomas E. ROHAN, Martin C. Epstein, William H. Morgan, Grant F. Daniels and Samuel M. Birnbaum, being the Chairman, Members and Commissioners of the State Liquor Authority of the State of New York, Defendants.**

United States District Court
S. D. New York.

May 3, 1961.

Kelly & Schwartz, New York City, Charles H. Tuttle, John F. Kelly, Stoddard B. Colby, Stuart H. Johnson, Jr., New York City, of counsel, for plaintiff.

Louis J. Lefkowitz, Atty. Gen., Philip Watson, Asst. Atty. Gen., of counsel, for defendants.

CASHIN, District Judge.

This is a motion to impanel a three-judge district court pursuant to 28 U.S.C. § 2281 brought on by an order to show cause. The plaintiff, a New York corporation, is engaged in selling bottled wines and liquors solely for export to overseas passengers from premises at Idlewild Airport. The defendants are the Chairman, Members and Commissioners of the New York State Liquor Authority.

The liquor sold by plaintiff is placed upon the passengers' planes for delivery only upon arrival at their foreign destinations. The liquor cannot be diverted for any purpose other than export from the United States. The United States Treasury Department, Bureau of Customs, has approved plaintiff's procedures and has ruled that plaintiff's business constitutes the exportation of merchandise within the meaning of Section 311 of the Tariff Act of 1930, 19 U.S.C.A. § 1311.

The United States Bureau of Customs has approved and supervises the plaintiff's premises. The liquors sold by plaintiff are purchased solely for export from vendors who withdrew the same from Class 6 United States Government bonded manufacturing and United States Customs bonded warehouses for re-ware-

4

housing at the United States Customs-controlled space in plaintiff's premises. Pursuant to the Internal Revenue Code, each bottle plaintiff withdraws is labeled "Bottled for export from the U.S.A.".

Plaintiff sought a ruling from the New York State Liquor Authority as to whether its conduct set forth above contravenes the New York State Alcoholic Beverage Control Law, McKinney's Consol.Laws, c. 3–B. The State Liquor Authority sought and obtained an opinion from the New York State Attorney General (See 1960, Op.Atty.Gen. June 30) which was to the effect that the plaintiff's business constituted a "sale" within the meaning of the Alcoholic Beverage Control Law, § 3(28); that there is no provision of that law which would authorize a license for such sales, and that no person can sell alcoholic beverages within New York without a license. Thereafter, the New York Importers and Distillers Association circularized its members advising that in view of the position of the Attorney General and of § 62 of the Alcoholic Beverage Control Law they could not legally fill plaintiff's orders.

This action was then instituted on July 22, 1960. The plaintiff urged at that time that the provisions of the New York State Alcoholic Beverage Control Law are unconstitutional, as applied to plaintiff, under (i) the Commerce clause; (ii) the clause prohibiting a State from laying imposts or duties on imports and exports without the consent of Congress; and (iii) the Supremacy clause of the Constitution of the United States. Const. art. 1, § 8, cl. 3, § 10, cl. 2; art. 6, cl. 2. Plaintiff argued at that time that the 1930 Tariff Act as amended, the regulations adopted thereunder, and the applicable provisions of the Internal Revenue Code, constituted a comprehensive, exclusive and preemptive scheme duly adopted by Congress for the regulation, encouragement and promotion of foreign commerce in bonded liquors.

Plaintiff sought declaratory judgment to that effect, injunctive relief, and moved for the impaneling of a three-judge district court pursuant to 28 U.S.C. §§ 2281, 2284. Judge Bicks of this Court denied plaintiff's motion to impanel a three-judge district court until after a state court has ruled on the constitutional issues. D.C.1960, 188 F.Supp. 434. Plaintiff appealed Judge Bicks' decision and also moved before Judge Dimock of this Court for an injunction restraining defendants from interfering with plaintiff's business during the pendency of this action, and for other relief not germane to the present motion. Judge Dimock refused to grant a preliminary injunction because the request was a mere renewal of the motion made before Judge Bicks. He did, however, issue an injunction against harassment by defendants pending the appeal from the order of Judge Bicks. Thereafter, the plaintiff appealed from the orders of Judge Bicks and Judge Dimock to the Circuit Court of Appeals.

On April 14, 1961 the Court of Appeals handed down its decision (Idlewild Bon Voyage Liquor Corporation v. Rohan, 2 Cir., 1961, 289 F.2d 426). It stated by way of dictum that a three-judge district court should have been convened. It held, however, that in light of Stratton v. St. Louis Southwestern Ry., 1930, 282 U.S. 10, 51 S.Ct. 8, 75 L.Ed. 135, it was without jurisdiction to hear the appeals and granted defendants' motion to dismiss them. It said that—

"In Stratton the Court said that, * * *, the district judge to whom an application was made for injunctive relief from the state activity was required to convene a three-judge district court. The Court held that if he failed to do so and dismissed the application on its merits the proper remedy was a writ of mandamus from the Supreme Court (see e.g., Ex parte Bransford, 1940, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249), for a Court of Appeals would have no jurisdiction over any matter properly entertainable by a three-judge district court."

As I construe the decision of our Circuit Court of Appeals it said that plaintiff's only remedy was by way of mandamus to

the Supreme Court of the United States and, accordingly, dismissed the appeals because it had no jurisdiction to hear them. The mandate in this decision has not, as of this date, come down. It is true that the decision of the Circuit Court of Appeals did say that Judges Bicks and Dimock were in error and that a three-judge district court should have been appointed. However, I consider this as dictum. I consider Judge Bicks' and Judge Dimock's orders as still in full force and effect.

Thereafter, and on April 18, 1961, I signed an order directing defendants to show cause why an order should not be entered convening a three-judge district court pursuant to 28 U.S.C. § 2281. Thus, I have before me the same issue on which Judge Bicks and Judge Dimock have already ruled. Their decisions are still the law of this case.

Plaintiff argues that on the basis of the dictum in the Court of Appeals decision dismissing the appeals from Judges Bicks' and Dimock's decisions, I should now convene a three-judge district court. Defendants urge that plaintiff's motion should be denied because the issues are res judicata and that plaintiff's only remaining remedy in the United States courts is mandamus.

Whether or not I have the power to convene a three-judge district court at this time is questionable. In In re Hines, 2 Cir., 1937, 88 F.2d 423, 425, Judge Swan stated:

"It is well established that a judge may not overrule the decision of another judge of co-ordinate jurisdiction made in the same case. The law enunciated by the first judge is not merely his individual opinion; it is the law of the District Court, to be followed, upon similar facts, until a different rule is laid down by a court of superior jurisdiction. * * * Such a rule is essential to an orderly and seemly administration of justice in a court composed of several judges."

However, it appears that this doctrine has been modified to some extent in Dictograph Products Company v. Sonotone Corporation, 2 Cir., 1956, 230 F.2d 131, dismissed per stipulation 1956, 352 U.S. 883, 77 S.Ct. 104, 1 L.Ed.2d 82. See also Higgins v. California Prune & Apricot Grower, 2 Cir., 1924, 3 F.2d 896, 898; First National Bank in Greenwich v. National Airlines, Inc., 2 Cir., 1961, 288 F.2d 621. However, what was involved in these latter cases was either a non-appealable order or a ruling in the meantime by a higher court on the issue in question.

In the instant case the Court of Appeals, in its decision handed down on April 14, 1961, stated that—

"Appellees' argument that this order was not final and hence unappealable under 28 U.S.C. §§ 1291, 1292 is not well taken. No parallel state actions were pending and there was no state adjudication to await. There was nothing left to be done in the federal courts because the action there had been for all intents and purposes concluded. Appellant was effectively out of court—any action upon its prayer for injunctive relief was indefinitely postponed under these circumstances. There is no bar on this ground to appealability. See Glen Oaks Utilities, Inc. v. City of Houston, 5 Cir., 1960, 280 F.2d 330." [289 F.2d 428.]

Although it is true that since Judge Bicks rendered his decision a higher court has spoken on the matter, that court had no jurisdiction over the subject matter and whatever it said on the matter was dictum.

Assuming, however, that I have the power to overrule Judge Bicks and Judge Dimock, I will not so exercise it. This is not a situation where plaintiff has no other remedy. Plaintiff has other courses open to it. The most obvious is to move before Judge Bicks for reargument in light of the Court of Appeals decision. (See Rule 34 of the General Rules of United States District Courts for the

Southern and Eastern Districts of New York.) The other remedy is a writ of mandamus. In Stratton, supra, the Supreme Court ruled that where a court of three judges should have been convened and was not, the remedy was a writ of mandamus vacating the order of the District Judge and directing him to convene a three-judge court. This view has been adhered to in later cases. Ex parte Bransford, 1940, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249; Ex parte Cogdell, 1951, 342 U.S. 163, 72 S.Ct. 196, 96 L.Ed. 181.

Instead of either of these courses, plaintiff has renewed its motion for the impaneling of a three-judge district court. Accordingly, the motion for the appointment of a three-judge court is denied.

It is so ordered.