**Manuel de J. GOMEZ, on behalf of himself and all others similarly situated, Appellant,**

**v.**

**John B. LAYTON et al., Appellees.**

**No. 21653.**

United States Court of Appeals District of Columbia Circuit.

Argued April 4, 1968.

Decided April 10, 1968.

---

3. 376 F.2d 684 (1967).

Mr. James B. Blinkoff, Washington, D. C., with whom Messrs. Stephen P. Goldman and Ralph J. Temple, Washington, D. C., were on the motion, for appellant.

Mr. John R. Hess, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Charles T. Duncan, Corporation Counsel, Hubert B. Pair, Principal Asst. Corporation Counsel, and Richard W. Barton, Asst. Corporation Counsel, were on the opposition, for appellees.

Before BAZELON, Chief Judge, and McGOWAN and ROBINSON, Circuit Judges.

## ORDER

PER CURIAM.

This cause came on for consideration on appellant's motion for summary reversal or for an injunction pending appeal, and the Court heard argument of counsel. Upon consideration thereof, it is

Ordered by the Court that the order of the District Court appealed from herein be vacated, and this case is remanded to the District Court for further proceedings consistent with the opinion filed herein this date.

BAZELON, Chief Judge:

The complaint in this suit for injunctive and declaratory relief alleges the following: Appellant, a citizen of the Dominican Republic and a permanent resident of the District of Columbia has twice been stopped by the police and questioned while walking late at night in the Dupont Circle area. On the first occasion the police filled out a "vagrancy observation" form and warned appellant that if he was seen in the area again he would be arrested. On the second occasion, appellant was questioned by five police officers, who demanded to see his identification, asked whether he was a homosexual and whether he used marijuana, and had him remove his jacket and roll up his sleeves. Questioning ceased when appellant said he wished to speak to a lawyer, but the police filled out another vagrancy form and again warned him that further observations would lead to an arrest.

Appellant claims that the police observation practice unconstitutionally deprived him of liberty without due process.[1] Prior to the second incident, appellant filed this complaint requesting that the court (1) declare his right to walk or be in any public place in the District of Columbia while sober and well-behaved, and enjoin interference with that right; (2) order that any "vagrancy observation" records be expunged and (3) declare the District of Columbia vagrancy statute[2]

---

[1.] On appeal, appellant has emphasized the first amendment "right to travel." But the due process clause protects liberty of movement regardless of whether first amendment concerns such as information-gathering or education are at stake. See Zemel v. Rusk, 381 U.S. 1, 85 S.Ct. 1271, 14 L.Ed.2d 179 (1965); Aptheker v. United States, 378 U.S. 500, 84 S.Ct. 1659, 12 L.Ed.2d 992 (1964); Kent v. Dulles, 357 U.S. 116, 78 S.Ct. 1113, 2 L. Ed.2d 1204 (1958).

[2.] D.C.Code § 22–3302 (1967).

unconstitutional. Immediately after the second incident, appellant moved for a temporary restraining order. The district court heard oral argument on the motion and denied it. In addition the court sua sponte dismissed appellant's entire complaint, despite the fact that appellant had not yet been given an opportunity to present evidence.

The court found that the complaint failed to state a case or controversy, that appellant had an adequate remedy at law and that he had failed to demonstrate irreparable injury. We conclude that the first finding is erroneous and that appellant was not given sufficient opportunity to demonstrate that he had no adequate remedy at law and that he is threatened with irreparable injury.

■■ Appellant claimed that the police actions deprived him of his liberty without due process in contravention of the fifth amendment. Clearly this states a case or controversy. But the district court apparently believed that even if there were a case or controversy, appellant was not entitled to injunctive relief because he had an adequate remedy at law and had not demonstrated irreparable injury. The court's underlying assumption was that appellant could assert whatever claims he had when he was arrested and tried and that prior to arrest there is no irreparable injury. This assumption is incorrect. Appellant alleges that he is being deprived of constitutional rights regardless of whether he is ever arrested. He claims that the vagrancy observations themselves are unconstitutional. Recent case law makes clear that courts have the power to enjoin unconstitutional police practices.[3] They are not always required to await criminal trials which may never materialize in order to vindicate crucial constitutional rights.

Given the skimpy record in this case, we cannot determine whether in fact, the police practices complained of are unconstitutional and, if so, whether appellant is threatened with irreparable injury. We believe that appellant is entitled to support his claims for injunctive relief at a full evidentiary hearing. Accordingly we vacate the decision below and remand to the district court. At the remand hearing, the district court should first consider whether, assuming the District of Columbia vagrancy statute is constitutional, the vagrancy observation practices are nevertheless unconstitutional. If they are not, the court should next consider whether it has jurisdiction to determine the constitutionality of the statue itself.[4] If it does have jurisdiction, the court should make a constitutional determination. If at any point the court decides that appellant has a valid constitutional claim, it should determine the necessity and availability of injunctive relief. On the basis of the record now before us we do not feel justified in granting interlocutory injunctive relief.

Vacated and remanded.

3. See especially Lankford v. Gelston, 364 F.2d 197 (4th Cir. 1966) in which an en banc court unanimously ordered the issuance of an injunction against searches of private homes to effect the arrest of a person not known to reside therein where the belief that the person was on the premises was based only on an anonymous tip. See also Refoule v. Ellis, 74 F.Supp. 336 (N.D.Ga.1947).

4. A three-judge court may not be required in this case, either because (a) this is only a local District of Columbia statute, see Ex parte Cogdell, 342 U.S. 163, 72 S.Ct. 196, 96 L.Ed. 181 (1951), but see also Berman v. Parker, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27 (1954); or (b) appellant only asked for a declaratory judgment rather than an injunction against enforcement of the statute, see Kennedy v. Mendoza-Martinez, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963).