Manuel De J. GOMEZ, Appellant,

v.

Jerry WILSON, Chief of Police, et al.

No. 24013.

United States Court of Appeals, District of Columbia.

June 23, 1970.

**496**

Miss Nancy Pyeatt, Washington, D. C., with whom Mr. Ralph J. Temple, Washington, D. C., was on the motion, for appellant.

Messrs. Charles T. Duncan, Corporation Counsel at the time the motion was filed, Hubert B. Pair, Acting Corporation Counsel, and Richard W. Barton and John R. Hess, Asst. Corporation Counsel, were on the opposition to the motion, for appellees.

Before BAZELON, Chief Judge, and McGOWAN and ROBINSON, Circuit Judges, in chambers.

PER CURIAM:

This is the second time this case has been presented to us in the form of a motion for summary reversal. Our pre-

vious opinion, containing a full statement of the facts, is reported under the name of Gomez v. Layton, 129 U.S.App. D.C. 289, 394 F.2d 764 (1968). In brief, appellant had twice been stopped and questioned by the police while walking at night in the vicinity of Dupont Circle in the District of Columbia. Each encounter resulted in his being the subject of a police "vagrancy observation" form; each concluded with his being warned that further observations would result in his arrest.

In November, 1967, appellant filed a complaint in the District Court requesting it to (1) declare his right to walk or be in any public place in the District of Columbia while sober and well-behaved, and enjoin interference with that right; (2) order than any "vagrancy observation" records be expunged; and (3) declare the District of Columbia vagrancy statute unconstitutional. Since we felt that appellant's allegations clearly stated a case or controversy, we vacated the judgment of the District Court dismissing the complaint and remanded the case for a full evidentiary hearing. We outlined the procedure to be followed at that hearing:

> [T]he district court should first consider whether, assuming the District of Columbia vagrancy statute is constitutional, the vagrancy observations practices are nevertheless unconstitutional. If they are not, the court should next consider whether it has jurisdiction to determine the constitutionality of the [statute] itself. If it does have jurisdiction, the court should make a constitutional determination. If at any point the court decides that appellant has a valid constitutional claim, it should determine the necessity and availability of injunctive relief.

Gomez v. Layton, *supra* at 291, 394 F.2d at 766.

Subsequently, while the remand proceedings were continuing in the District Court, this court decided Ricks v. Dis-

trict of Columbia [*Ricks I*].[1] That case held that three subsections, subsections (1), (3) and (8), of the District of Columbia vagrancy statute[2] under which appellant Ricks had been arrested were unconstitutionally vague. The facts of *Ricks I* necessarily limited the scope of that decision to the three sections of the vagrancy statute actually attacked. The opinion makes clear, however, that the court's "silence as to the validity of [the remaining sections did] not indicate any reservation about extending [its] holding to cover them in appropriate cases."[3]

In response to the decision in *Ricks I*, the Chief of Police issued a memorandum to the force: That memorandum ordered an end to the practice of making vagrancy observations and arrests pursuant to subsections (1), (3), and (8), the subsections specifically declared unconstitutional. The memorandum did not speak directly to the other subsections. It did, however, provide:

> The arrest policies announced herein do not preclude an officer from observing persons engaged in suspicious activity in public space and from approaching those persons and making inquiry. Such action by an officer in some instances, based on the person's answers, may lead to probable cause to arrest for a particular crime. Such action may also provide a valuable lead in the apprehension of the person responsible for a crime which later comes to the attention of the Department. In those instances in which the person refuses to identify himself or does not give a reasonable explanation of his conduct, the officer should make an accurate and detailed record of the person's description and other significant characteristics, the clothing worn, and the explanations furnished.

Appellees in the present case moved the District Court to dismiss the complaint as moot: the motion to dismiss characterized the complaint as "essentially complaining" of a vagrancy observation under subsection (8) which, because of the combination of *Ricks I* and the police chief's memorandum, was no longer being enforced. The District Court granted the motion to dismiss.

Appellant noted this appeal and moved for summary reversal. For the second time in this already protracted litigation, we grant appellant's motion for summary reversal, vacate the dismissal of the complaint, and remand for an evidentiary hearing.

The order of dismissal refers to "defendant's motion to dismiss the complaint" and, in the absence of a more specific statement, we assume that the District Court found persuasive the suggestion of mootness that formed the sole basis for the motion. We, however, do not; for we do not construe the complaint as limited in its objections to subsection (8) of the vagrancy statute.[4]

---

I. 134 U.S.App.D.C. 201, 414 F.2d 1097 (1968). A companion case, Ricks v. United States, 134 U.S.App.D.C. 215, 414 F. 2d 1111 (1968), was decided the same day. *Ricks II* sustained a similar challenge to the constitutionality of portions of the Narcotics Vagrancy statute.

2. 22 D.C.Code § 3302 (1967). The statute originally included nine subsections; subsection (2) was repealed in 1953. Thus, subsections (4), (5), (6), (7), and (9) were in force but not before the *Ricks I* court.

3. Our silence as to the validity of these sections [not under consideration] does not indicate any reservation about extending our holding to cover them in appropri-

ate cases. We do not rule on these sections now because their validity was not argued nor is decision on them necessary in the case before us. We add this word, fully aware that it is dictum, to avoid constriction of the scope of the ruling by all concerned, including those in the legislative and executive branches.
134 U.S.App.D.C. at 214, 414 F.2d at 1110.

4. Count 4 of the complaint does quote subsection (8), but the context of the quotation makes clear that its use is illustrative rather than exhaustive:
> Defendants, in their official capacities, are responsible for the enforcement of the vagrancy law of the District of Columbia (Section 22–3302, D.C.Code

The complaint specifically requests a declaration that "the vagrancy statutes of the District of Columbia, Section 22–3302, D.C.Code (1967), [are] void and unconstitutional." Our previous opinion accepted this interpretation of the complaint as addressed to the statute in its entirety and we indicated that the District Court should determine whether it had jurisdiction "to determine the constitutionality of the [statute] itself." [5] If so, it should proceed to consider appellant's claims as to the validity of such portions of the statute as are, or may be, applied to appellant or members of the class he represents.

Moreover, the thrust of the complaint is directed to the compilation and maintenance of the vagrancy observation report forms and to the concomitant likelihood of arrest these reports sustain. There is not one whit of evidence in the record to indicate that the vagrancy reports on appellant were made pursuant to subsection (8). There is no evidence that the vagrancy observation report form even requires that a relevant subsection be specified. Indeed, although we know that a minimum number of observations within a given time is a prerequisite to arrest,[6] we do not know whether all the observations must be made under the same subsection.

In light of *Ricks I,* any attempt to limit the complaint to a given subsection of the vagrancy statute is necessarily a futile exercise. The statute comprises eight vague subsections; the essence of vagueness is defiance of easy compartmentalization and, predictably, the boundaries of one subsection blur into the boundaries of others.[7] We sympathize with a police officer who must, without guidance from the statute, make these chimerical distinctions and ultimately select an appropriate subsection.

Our concern, however, is that the "appropriate" subsection may be selected at random. *Ricks I* left subsections (4, 5, 6, 7) and (9) of the vagrancy statute in a constitutional twilight zone. The affidavit submitted by appellant in the District Court indicates that vagrancy arrests (and perhaps, observations) continue to be made in the District of Columbia; it even raises the question whether the police activities expressly forbidden by *Ricks I* are being maintained under the guise of those subsections left in ostensible effect. Neither the police chief's memorandum quoted above nor appellees' answers to appellant's post-*Ricks* interrogatories [8] satisfactorily answer that question.

(1967)) which makes criminally punishable as a "vagrant," among other persons, "any person who wanders about the streets at late or unusual hours of the night without any visible or lawful business and not giving a good account of himself."

5. 129 U.S.App.D.C. at 291, 394 F.2d at 766.

6. *See* Ricks v. District of Columbia, *supra,* 134 U.S.App.D.C. note 2 at 203, 414 F.2d at 1099.

7. For example, Miss Ricks was observed in situations indicating to the police that she was a prostitute. The arrest was made under subsections (1), (3), and (8), and not under subsection (4), which defines a vagrant as one "[w]ho keeps, operates, frequents, lives in or is employed in any house or other establishment of ill fame, or who (whether married or single) engages in or commits acts of fornication or perversion for hire."

Finally, subsection (9) is a catchall section, including within its broad reach "[A]ll persons who by the common law are vagrants, whether embraced in any of the foregoing classifications or not."

8. The interrogatory filed January 10, 1969, asked whether any changes had been made by the Metropolitan Police Department in the practice of making vagrancy observations following the decisions in the *Ricks* cases. Appellees answered that "The Metropolitan Police Department no longer engages in the practice of making vagrancy observations, pursuant to Section 22–3302(1) (3) and (8), D.C.Code, 1967 ed." To a specific question whether the Department or its officers presently engage in the practice of making vagrancy observations, appellees did not answer directly but instead referred to the answer quoted above and to the equally unrevealing memorandum quoted and summarized on page 497 *supra.*

In summary, we are of the opinion that more is at issue in this case than subsection (8) of the vagrancy statute. As in our previous opinion, we find the record so sparsely documented that most issues are not appropriate for appellate review. We are particularly concerned with the lack of evidence regarding the questions whether any subsection of the vagrancy statute is specifically mentioned on vagrancy observation reports, and whether vagrancy observation reports and vagrancy arrests continue to take place or be sanctioned under those subsections of the vagrancy statute not directly involved in *Ricks I*. Therefore, we remand the case so that the full evidentiary hearing we envisioned two years ago may proceed on an expedited basis.

Vacated and remanded.